### STOCKDALE v. THE TREASURER OF WEBSTER COUNTY.

1. REVENUE: TAXABLE INTEREST. The legal title is not essential to constitute a taxable interest in real estate; and lands held by United States in trust for grantees are subject to taxation as the property of such grantees.

2. SAME. The complainant held the title of the State of Iowa, the Des Moines Navigation and Railroad Company, and the Dubuque and Pacific Railroad Company, to a certain tract of land situated in an "odd section," 80 miles above the Raccoon Fork, within one mile of the Des Moines river, and within the same distance of the located line of said railroad: *Held*, that it was subject to taxation as the property of the complainant.

*Appeal from Webster District District Court.*

TUESDAY, DECEMBER 31.

THE object of this proceeding is to determine whether certain real estate is subject to taxation for the years therein named. The right to tax was sustained by the court below, and plaintiff appeals.

*John F. Duncombe* for the appellant.

*Richards* and *Hawley* for the appellee.

WRIGHT, J.—It is shown by the agreed statement of facts, that complainant has all the title that ever was in this State, in the Des Moines Navigation & Railroad Company, and Dubuque & Pacific Railroad Company, or either of them ; that the real estate taxed is in § 19, T. 89, R. 28 W; 80 miles above the Raccoon Fork, within one mile of the Des Moines river, and no farther from the located line of said railroad; that it has not been selected by the Railroad Company as a part of the lands to which it is entitled, in virtue of road completed, but that such length of line has been constructed as that 120 sections for each 20 miles thereof would extend the selections west of this land.

It is admitted that the property is liable to taxation if the title was out of the United States. If by this, it is meant that the *full legal title* must be in some other person than the government, before the land could be taxed, the position would not be tenable. The complainant would have a taxable interest, so to speak, without having a legal title.

The property of the United States is not subject to taxation. And the statute, after making other exemptions, declares that all other property, real and personal, including lands and town lots, &c., are subject to such taxation, (Code § 456.) These terms, by statutory definition include all rights to lands, tenements and hereditaments, equitable as well as legal (§ 26 cl. 8.) And aside from the statutory definition, we understand property in lands, to include every species of title, inchoate or complete; that it embraces those rights which lie in contract, executory as well as executed.

As we understand the agreed statement, complainant has all the title ever held by the State or the companies named.

Under the admitted facts and the several acts of Congress referred to and relied upon by the parties, it is undeniable that the Railroad Company is at least entitled to the legal title, though not yet actually acquired. Having at least this right, the government holding the legal title in trust; the complainant, as to the point under consideration, stands substantially in the attitude of a purchaser holding under a certificate, before the issuance of the patent. The government can not dispose of the land, so as to deprive him of his interest, any more than if he held the proper duplicate receipt. Holding this right to compel a deed, or if not this, an equity which would draw to it the legal title, whenever the company shall obtain the patent or proper certificate, the property was taxable. The inquiry is not whether the title of the government has so passed as to enable complainant to maintain ejectment based upon a legal title, but whether he has an interest, equitable if not legal, subject to taxation.

This liability is placed upon the ground that the company had so prosecuted its line of improvement as to entitle it to demand the title of the government. This right asserted and the title acquired, it would enure to complainants benefit. And based upon this right, as well as that based upon our State legislation, the company sold the property to complainant. In determining what property is subject to taxation, revenue officers are not required to ascertain whether the holder or owner has a perfect title. If the holder or owner has or claims such a right or interest as we have defined, the assessor is not expected nor required to adjudicate upon the sufficiency of it.

Once more, the property does not belong to the United States, within the meaning of § 7 of the ordinance admitting Iowa into the Union, (Rev. p. 966.) It is not the property of the United States, nor any interest of the government therein, that is taxed, but the right, interest or title

of the defendant thereto, whether denominated inchoate, equitable, incomplete or complete and perfect, that is made to bear its due proportion of the public burdens. Protected in the use and enjoyment of his land, he to the extent of the value of that property, should be taxed to assist in upholding the government and the laws.

Affirmed.