THE CEDAR RAPIDS & MO. R. R. CO. v. WOODBURY COUNTY <em>et al.</em>

**Taxation :** RAILROAD LANDS. Lands held by a railroad company under land grant acts of congress, which have never been certified or set apart, and which are incapable of identification, are not taxable. The present case is distinguished from the cases of *The Iowa Homestead Co.* v. *Webster County*, 21 Iowa, 221, and *Dub. & Pac. R. R. Co.* v. *Same*, id. 235.

<em>Appeal from Woodbury District Court.</em>

TUESDAY, JULY 26.

IN EQUITY.—The petition (filed in March, 1869), seeks to set aside a tax sale of a large body of lands held and owned by plaintiff, said sale being for the taxes of 1869, and also to have declared invalid and without authority the taxes levied thereon for the year 1869. Of these

lands, 480 acres are held under the act of congress of May 15, 1856. Rev., p. 916. By far the larger portion, however (say 40,000 acres), are claimed and held under the act of June 2, 1864. U. S. Statutes, 1863–4, p. 96. Plaintiff claims that these lands were not taxable until they were certified, to wit, in July, 1868, and hence were not subject to taxation until the year 1869. To the petition there was a demurrer, which was overruled ; defendants refused to answer ; judgment granting the prayers of the petition, and defendants appeal.

*Joy & Wright* and *Polk & Hubbell* for the appellants.

*Isaac Cook* for the appellee.

WRIGHT, J.—The question in this case is, whether plaintiff had a taxable interest in these lands for the years 1868–9. In other words, whether they were exempt, as still belonging to the state, or United States.

We had occasion to collect and discuss several of the statutes, state and national, bearing upon the taxation of lands held under railroad grant acts, in the case of *Iowa Homestead Co.* v. *Webster Co.*, 21 Iowa, 221; *Dubuque & Pacific R. R. Co.* v. *Same*, id. 235. And see the cases therein cited and the statutes therein set out and contained. With the construction there given and the views there expressed, we are still content ; and, did the facts of this case bring it within those, we should have no hesitation in holding these lands taxable, or that plaintiffs had a taxable interest therein.

There, however, the lands in controversy had been set apart as belonging to the grant, and were susceptible of identification and were identified. In this case, according to the averments of the bill, and especially under the act of June 2, 1864, there was no such identification, nor was the same possible, at least until the departments had acted

at Washington, if even before the issuing of the certificate. Here the secretary of the interior was to reserve lands within fifteen miles of the original main line of the road, equal to that originally authorized to be granted ; the company was authorized to change or modify the uncompleted portion of its line, and, if the requisite amount of lands were not found within the fifteen miles, then the selections were to be made along the modified or connecting lines or branch, within twenty miles thereof; and the certificate and conveyance were to be made by the secretary directly to the company, and not to the state. The case relied upon by appellants, and first above cited, was, under its facts, not free from difficulty, and yet, as we believe, was ruled right. This case asks us to extend the rule still further, and that the taxing power shall be authorized to enter a field entirely undefined and undefinable, and to hold that all property held by the government, to which a company or individual may ultimately acquire the title, is liable, while thus held, to taxation.

It the petition is true, all this land was held in the same way, none of it identified or set apart ; and if so, the demurrer was properly overruled.

Affirmed.