THE IOWA RAILROAD LAND CO. v. STORY COUNTY *et al.*

1. **Taxation:** OF RAILROAD LANDS: ESTOPPEL. Where a county under obligation to convey its swamp lands to a railroad company, under contract between them, refuses so to do, it will be thereby estopped from afterward claiming that during such time the title was in the company and thus subject to taxation.

2. —— Nor would such lands in any case be taxable before conveyance, if it were not then known what particular lands the company would be entitled to. There must have been a definite designation of the lands. Following *C. R. & M. R. R. Co.* v. *Woodbury County*, 29 Iowa, 247.

3. —— Nor would such lands, while held as the property of the county, be taxable under section 711 of the Revision, which exempts from taxation property of a county or the State, when not held for pecuniary profit.

*Appeal from Story District Court.*

THURSDAY, JANUARY 24.

THIS is a suit in equity, brought October 2d, 1871, by the plaintiff, which is a corporation, and the grantee of the Cedar Rapids & Missouri River Railroad Co., of the swamp lands of Story county, against the said county, its treasurer and numerous other persons, purchasers of said lands at tax sales, made October 5th, 1868, to enjoin the conveyance thereof under such sales, to set the same aside and quiet plaintiff's title, etc. A temporary injunction was granted. The only issue is whether said lands were taxable for the years 1864, 1865 or 1866. On the final hearing the injunction was dissolved and the petition dismissed. The plaintiff appeals.

*Isaac Cook* and *N. M. Hubbard* for the appellant.

*J. S. Frazier* and *F. D. Thompson* for the appellees.

COLE, J. — I. The record in this case is voluminous. The ultimate facts are few. We state them so far as necessary, as follows : By various acts of congress and the State legislature, and by patents by the United States to the State of Iowa, and by the State to the defendant, Story county, the title to the lands in controversy has been vested in the said county. On the 22d day of April, 1863, by a contract between the board of supervisors of said county and the Cedar Rapids & Missouri River Railroad Company, which was afterward and on the 15th day of May, 1863, duly ratified and confirmed by a vote of the people of said county, the county agreed to convey to the railroad company all its swamp lands and indemnity there-

for, subject to the pre-emption and contract claims which might then be held by others upon some portions of said lands, for the purpose of aiding in the construction of a railroad by said company through the county; but with the proviso and condition that the title should not be conveyed to the railroad company until it should complete its railroad to the town of Nevada, and within a thousand yards of the courthouse in said town and county; and if not completed and running to said point by the 1st day of January, 1865, the contract was to become null and void.

The railroad was completed according to the contract on the 4th day of July, 1864, and within the time specified. On the 5th day of September, 1864, the railroad company formally notified the board of supervisors of the completion of the railroad, etc., and demanded a fulfillment of the contract on the part of the county. This demand was repeated frequently and at every meeting of the board; but under various excuses, real or fancied, the board of supervisors neglected and refused to comply with said request until June 5th, 1867, and then only conveyed a part of said lands and that part only upon the precedent condition that the railroad company should execute and deliver to the county a quit-claim deed for the part of said lands not then conveyed by the county to the railroad company. In the meantime, and while the county was thus refusing to convey the said lands to the railroad company, and was itself holding the title and denying the right of the railroad company to it, the said county caused said lands to be taxed for the years 1865 and 1866, and a part of them for the year 1864, and afterward caused the same to be sold for such taxes to the other defendants in this case. Under these facts we do not stop to inquire what would be the rule respecting liability for taxes, as between vendor and purchaser, in cases where the latter, by performance of his contract, has become the owner, though the legal title is in the former, because we ground our support of the plaintiff's case upon this plain rule of fair dealing and the broad principle of equity, that a party shall not wrongfully withhold the title to property and the benc-

fits of ownership thereof from one entitled thereto, and at the same time subject the property to burdens for the benefit of the party thus wrongfully withholding the title. In other words, the county having, during those years, denied the right and title under which the plaintiff claims, is now equitably estopped from asserting that it then had the title.

II. The same result is reached upon another basis. The county received over fifteen thousand acres of swamp lands. It contracted to sell all these lands to the railroad company except such as had pre-emption claims attached to them, or as had been contracted to others. The county only conveyed a little over ten thousand acres. What precise lands the railroad company would obtain title to, was not known until the conveyance was made. In such cases, as we have held, the land is not liable to taxation nor is the owner liable for taxes until there has been a definite designation of the lands. *C. R. & M. R. R. Co.* v. *Woodbury Co.*, 29 Iowa, 247; *C. R. & M. R. R. Co.* v. *Carroll County* (present term).

III. As to a part of the lands, a still further ground exists for the same conclusion. The property of the United States, of this State, and of the counties not held for pecuniary profit is not taxable. Rev., § 711. The swamp lands of the counties is such property. *Guthrie County* v. *Carroll County*, 34 Iowa., 108. The railroad company did not complete its road till July, 1864. In January, 1864, then, when the property was liable to assessment, if at all for that year, it was clearly the property of the county not held for pecuniary profit, and was, therefore, not taxable for that year. And again, a considerable portion of the lands were not conveyed to the county by the State till December, 1866. They were then the property of the State, and under section 711 not taxable at all for any of the years.

If the plaintiff so elects, a judgment will be entered in this court in accord with this opinion; if not, the cause will be remanded to the district court with instructions to render such judgment, and that heretofore rendered will be

Reversed.