---

Gibson <em>et al.</em> v. Howe <em>et al.</em>

1. **Tax sale:** OF LANDS OWNED BY COUNTY. A tax deed, based on a sale for taxes which the county was bound to pay as owner of the land, will not prevail against the title of one purchasing and receiving a deed for the premises from the county.

2. —— Lands purchased by a county for its own protection upon a judgment in its favor, are not held for pecuniary profit but for public use, and are not taxable.

<em>Appeal from Clark District Court.</em>

TUESDAY, OCTOBER 7.

ACTION in chancery. The petition alleges that on the 3d day of October, 1868, plaintiffs purchased of the county of Clark certain lands described therein, and on the 15th day of

April, 1869, conveyed the same by deed of general warranty to Ira Fields. The land was conveyed to him by the proper officer of the county under a resolution of the board of supervisors. On the 4th day of November, 1867, the treasurer of the county sold the land for the taxes of 1862, 1863, 1864, 1865 and 1866 to defendant Howe, who, having received a deed on said sale, November 8, 1870, with his wife, conveyed the property to another defendant, who now claims title under such sale and conveyance. The plaintiffs claim that the sale and deed, though illegal and void so that they fail to pass the title of the land, yet are a cloud upon the title of those claiming the same under plaintiff's warranty deed. They ask that the tax sale and deed and other conveyances under which defendants claim title to the land may be declared invalid and be set aside. The answer of defendants amounts to nothing more than a denial of the petition, and the setting up of the tax title to the land referred to in the petition. Upon the hearing plaintiffs' petition was dismissed ; they now appeal to this court.

*Karr & Stivers* for the appellants.

*A. Berson, P. Lakes, E. F. Riley* for the appellee.

BECK, Ch. J.—I. The land in question was purchased at sheriff's sale on the 13th day of November, 1862, by the county of Clark upon a judgment rendered in October, 1859, on the bond of a defaulting treasurer of the county. A deed was made under this sale to the county on the 29th day of September, 1868, and, on the 3d day of October following, the president of the board of supervisors, under authority of a resolution of the board passed September 21, 1867, conveyed the land to plaintiff, Gibson. It will be seen that although the land was sold for taxes levied before the county obtained the sheriff's deed, yet it had been entitled thereto for nearly five years. During all of this time, though not having the legal title, it was unquestionably the holder of the equitable

title. The tax sale was November 4, 1867. From the date of the county's acquisition of the equitable title, that is, one year after the purchase at sheriff's sale, the county was charged with the duty of paying the taxes, if they were indeed a charge on the land, because it was the owner at least of the equitable title. No principle of equity would permit the county, by ·the sale of the land for taxes it was bound to pay, to. defeat a title to the property it afterward conveyed. Of all these matters of fact the purchaser at the tax sale is charged with notice, for they appear of record. He would be advised by the proper records that the county held the equitable title to the land, and at the same time, though bound to pay the taxes, was offering the land for sale thereon. With knowledge of these facts he cannot be regarded as an innocent purchaser. In our opinion if the lands be regarded as taxable for the years during which they were held as above stated by the county and liable for unpaid taxes of prior years, yet equity will protect a purchaser from the county, against a title based upon the taxes which the county as the owner of the property was bound to pay.

II. But there is another view of the law, in which the plaintiffs are entitled to the relief sought in this action, so far as the taxes for the year subsequent to 1863 are concerned. The property of a county, "when devoted entirely to the public use, and not held for pecuniary profit, is exempt from taxation." Rev., § 711. The land in question was not acquired for pecuniary profit, but to secure a debt due the county. It was not purchased or held to rent, or for its probable increase in value. It was acquired and held, that the just amount due the county, from a defaulting officer, might be realized. This was the object to which it was devoted, and was, undoubtedly, a public use. It was not, therefore, taxable, while the county held title, either legal or equitable, thereto.

It is insisted that, as plaintiffs have conveyed the land to others, and are interested therein only as the warrantors of the title, they are not such parties, in interest, as are authorized to maintain this action. No such defense was made in the

answer, or in any other manner in the court below.  It cannot be urged, for the first time in this court, without being supported by proper pleadings.  We are not, therefore, required to pass upon the question of law thus presented.

The judgment of the district court is reversed, and a decree granting the relief prayed for in plaintiff's petition will be entered in this court.

Reversed.