## ADAMS COUNTY v. THE B. & M. R. CO.

1. **Action:** TO QUIET TITLE: PARTY. A county which, by its Board of Supervisors, agreed to convey all the swamp lands it was then or might afterwards become entitled to, and actually conveyed the same, cannot afterwards maintain an action to quiet the title in itself.

2. **Estoppel:** TAXATION. Where the Secretary of the Interior had certified the swamp lands of a certain county to a railroad company, and thereafter the county had for seven years taxed the lands to the company, and for one or more years had advertised and sold them for taxes, and the company had sold some of them to persons who had been in actual possession for periods of from two to six years: *Semble*, that the county would be estopped from asserting title to the lands.

3. **Action:** RIGHT OF: DEED. A deed by a county, conveying certain swamp lands, contained a covenant to convey to the same grantee at any time by similar deed, at the request of the grantee, all the other lands in the county that might be duly selected as swamp lands: *Held*, that with reference to grantors' right of action to quiet title, there was no distinction between the lands described in the deed and others afterward duly selected as swamp lands.

4. **Estoppel:** TAXATION: COMPROMISE. In an action by a county to quiet title to lands over which defendant exercised acts of ownership, it appeared that the lands were taxed to defendant among other lands, and that a large sum was due for taxes, of which sum the county accepted a certain amount as a compromise and in settlement: *Held*, that the defendant was thereby recognized as owner, and the county estopped from denying the fact of his ownership.

*Appeal from Adams District Court.*

WEDNESDAY, OCTOBER 7.

THIS is a suit in equity to establish and quiet plaintiff's title to certain lands, as being swamp lands situated in said county, and to which the defendant claims title and over which it exercises acts of ownership. The defendant denies the plaintiff's title; denies that the lands are swamp lands; avers that by fraud of plaintiff's agents they were selected as such; avers that said lands were certified to defendant in 1861, and that plaintiff had taxed said lands to defendant ever since, and recognized its ownership; and also averred the sale by plaintiff of all its interest in said lands to the American Emigrant Company. Judgment for plaintiff. The defendant appeals.

*Stuart Bros.* and *Gregory & Rowell*, for appellant.

*Frank M. Davis*, for appellee.

COLE, J.—The defendant averred specifically in its answer that the plaintiff had sold and conveyed all its interest in and

1. ACTION: to quiet title: party.

title to the lands in controversy to the American Emigrant Company; and on the trial it was proved by the contract of sale and deed of conveyance by the county to said company that, on the 3d day of September, 1862, the plaintiff, by its Board of Supervisors, contracted to

sell to said company and agreed to convey, all the swamp lands in said county to which it was then or might thereafter become entitled; and on the 7th day of September, 1863, the county actually conveyed the said lands accordingly. There is no conflict of evidence or dispute in relation to these facts. It is very certain, therefore, that the plaintiff is not the owner of the lands, and cannot be entitled to a decree establishing and quieting a title in the county.

The defendant also averred and proved that after the con-. troversy about these lands, and between the same parties herein, before the Secretary of the Interior, who certified the lands to the defendant immediately thereafter, and in October 1861, the plaintiff had recognized the defendant as owner thereof, and had assessed and collected taxes thereon from defendant, for every year since 1861 and in one or more years had advertised and sold them for such taxes; and, also, that the defendant had sold some of the lands. to various persons, not parties to this action, who had been in possession by actual residence thereon for periods of from two to six years each.

2. ESTOPPEL: taxation.

Under these circumstances, and the rule as established in the case of *The Iowa Railroad Land Co. v. Story County*, 36 Iowa, 48, it may not admit of much doubt that the county is now estopped from asserting any title. But this point we need not definitely decide, because it clearly appears from the first point above stated that the county is not the owner, regardless of the estoppel.

REVERSED.

ON REHEARING.

MILLER, CH. J.—Within the time allowed by law, appellee filed a petition for a rehearing on the ground that the decision of this court was based upon an erroneous conclusion of fact. It is insisted by counsel for appellee that the evidence given on the trial did *not* show that the plaintiff had conveyed its interest in the lands in controversy to the American Emigrant Company, prior to the commencement of this suit, as found and stated in the foregoing opinion. Upon the abstract of the

case as submitted originally to us, there was no such error in our conclusions. In giving the testimony, the abstract states, among other things, as evidence given by the defendant, "Copy of contract made by and between Adams county * * * , and the American Emigrant Company on the 3d of September 1862, whereby the county sells and agrees to convey to said company, all the right, title and interest in, and, to all swamp lands in said county, to which it is or may become entitled, * * ."

DEED.

"Copy of deed from Adams county to American Emigrant Company, dated September 7th, 1863, for the lands and interest mentioned in the above contract."

Neither the contract nor deed were set out at length in the abstract, nor was it necessary that they should be, as no question was made upon the form or construction of either instrument. There was, therefore, no mistake in our conclusion upon the *fact* of conveyance, as shown by the original abstract. In his petition for a rehearing, however, appellee's counsel prints full copies of the contract with, and deed to, the American Emigrant Company, and insists that the lands in controversy have *not* been conveyed by the county to such company, as the foregoing opinion finds. It is true that the lands *described* in the deed of the county do not include the lands in controversy, the latter being in odd numbered sections, while the former are in even numbered sections. The deed however, contained a covenant to convey to the same grantee at any time, by similar deed at the request of the company, all the lands within the county that might at any time be duly selected as swamp lands, not included in the deed made. So, also, the contract between the county and the company stipulated for a conveyance of "the swamp lands belonging to the county," so that the lands in controversy are included in those agreed by the county to be conveyed. We will not now stop to determine whether or not the county is in a position to recover these lands after entering into these covenants to convey them to the Emigrant Company, since it is claimed

3. ACTION: right of: deed.

by the plaintiff's counsel that the contract has long since been rescinded, and is no longer binding upon the county, and that there is no evidence of a delivery of the deed to the company, and also because, upon another very satisfactory ground, we think the plaintiff cannot recover these lands in this action.

The lands in controversy had been claimed by the defendant under the Congressional land grant of May 15th, 1856. The county claimed the same lands as swamp lands. On the 25th of October, 1861, the claim of the county was rejected, and the lands certified by the proper department at Washington, as belonging to the defendant. Whether this decision was right or not we are not called on now to decide; but from this time, namely, from 1861, these lands were charged with taxes for almost every year as the property of the defendant. In 1868, there stood charged on the tax books of the county against the defendant taxes and interest to the amount of $22,610, for various years, on lands of the defendant within the county, the lands in controversy being included among those upon which this amount of tax and interest was charged. The railroad company were claiming that some of these taxes were illegal, and at the June session, 1869, of the Board of Supervisors, the defendant. presented a petition to the board, stating such illegal assessment, etc., and asking the board to remit such illegal taxes, and order them stricken from the tax book. The matter was referred to a committee of the board, who reported that " there is charged against the railroad company taxes and interest to the amount of $22,610.04, from the year 1861 to 1868, inclusive," and recommend that the sum of $12,610.04 be remitted upon payment of the balance, $10,000, by the railroad company within ten days. This proposition the company accepted, and paid the money, $10,000, in full of all taxes, interest and penalties assessed upon their lands in the county, and it was so received and receipted for by the county. Thus the county, with full knowledge that the defendant claimed to own the lands in dispute; that they were placed upon the tax books of the county as defendant's property; that taxes were charged against them with other of defendant's lands for nearly

*4. ESTOPPEL: compromise.*

every year from 1861 to 1868, inclusive, and were then among· the lands of defendant charged with taxes which, in the aggregate, amounted to over twenty thousand dollars, the county. secures to be paid as a· compromise of the taxes charged· against defendant, (some of which were claimed by defendant· to be illegal), the large sum of ten thousand dollars upon all of the lands taxed to defendant, without making any claim: to any of the lands thus taxed to defendant, as being owned. or claimed as the lands of the county. The testimony shows that more than $600 of the sum paid was paid upon the· lands now claimed by the plaintiff in this action. It cannot be presumed that this compromise could have been effected,: and this large sum of money obtained from· the defendant, if· the county had asserted a claim to these lands at that time.

. The county having thus recognized the plaintiff as the ·owner of the lands in controversy, and secured an advantage to itself thereby, it is now estopped from denying the exist-· ence of the fact upon which such advantage was secured. Having remained silent when it should have spoken, it must· now continue silent when it desires to speak. *Lucas v. Hart,* 5 Iowa, 415; *Davidson v. Follett,* 27 Id., 217; *Iowa Railroad Land Co. v. Story Co.,* 36 Iowa, 48; *Hall v. Doran,*· 13 Iowa, 368; *Bullis v. Noble,* 36 Iowa, 618.

. The judgment of the court below will· be

REVERSED. :