MORIARTY v. BOONE COUNTY ET AL.

1. **Taxation:** PUBLIC LANDS: HOMESTEAD ENTRY. An entry of land, under the homestead act, does not divest the United States of the title until five years from the date of filing the declaratory statement, and prior to that time the land is not subject to taxation.

   *Argument.* Although the existence of a legal title is not essential to create a liability to taxation, yet the fact that an absence from the land of more than six months causes it to revert to the government, makes the homestead entry insufficient to create a taxable interest.

2. ———: ———: ———. Section 711 of the Revision was enacted prior to the passage of the homestead act, and its provisions do not apply to entries made thereunder.

*Appeal from Boone District Court.*

FRIDAY, OCTOBER 23.

ACTION in equity to set aside the defendant Smith's tax title to the N.W. ¼ of S.E. ¼, sec. 8, tp. 84, r. 27. The cause was submitted to the court upon the following agreed state-

ment of facts: "That in December, 1862, the land in suit herein was a part of the public domain, and subject to preemption and homestead entry of the United States. That on July 15th, 1863, the plaintiff, being in every respect competent to take the benefit of the act of Congress, approved May 20, 1862, and having settled on the land in dispute in December, 1862, filed his declaratory statement in the land office of the United States, at Des Moines, Iowa, claiming the right to take said land under the act of May 20, 1862, being at the time actually residing on the land with his family.

That on the 16th day of July, 1868, he made final proof of settlement, continued occupation and improvement, before the officers of the land office at Des Moines, Iowa, in which district the land is situated, and paid the fees required by the act of May 20, 1862.

That his proofs were approved, and on the 1st day of September, 1869, his patent was issued from the United States, and he now has the same, it never having been vacated or canceled, and that he still resides on the land in question, and claims title by virtue of his patent aforesaid.

That the lands were assessed for taxes for the years 1865 and 1866. That these taxes were not paid. That in October, 1867, the lands were sold for these taxes, and bid off by one J. N. Gray, who secured a treasurer's certificate thereof, which certificate was duly assigned to defendant. No question is made upon the sale, if the lands were legally taxable for the years 1865 and 1866.

That on the 16th of January, 1870, the treasurer of the county executed to defendant a treasurer's tax deed to the lands, in pursuance of the sale, which deed was in due form, and has been recorded, and the defendant claims title under that deed.

That at the September meeting, 1870, at the instance of plaintiff, the Board of Supervisors of the County of Boone, on motion of L. L. Sawyer, a member thereof, ordered said lands to be redeemed by the county, as erroneously sold, and also remitted all taxes thereon up to September, 1870. That on September 12, 1870, the auditor signed a certificate of

redemption by the county, and on October 24, 1870, said certificate was countersigned by the treasurer of the county, and the auditor was ready with full authority from the supervisors to that end, to issue to the holder of the certificate a warrant on the county for the amount necessary to .redeem. That defendant claims this fact to be immaterial and incompetent. That defendant, on being advised of such action, refused to accept the proposed redemption, and never did receive the warrant or any money for such redemption, and before such action was had by the Board of Supervisors, defendant gave plaintiff notice that he would not accept redemption by the county of Boone, Iowa, and that unless plaintiff did redeem, he, defendant, would claim his deed when due.

That on or about January 14, 1871, the Board of Supervisors of said county, being then in session, at the instance of defendant, John Y. Smith, passed the following resolution in respect to said redemption and tax sales, viz: "Be it ordered by the Board of Supervisors of Boone county, Iowa, that the resolution by said Board at the September session of said Board, 1870, relating to and ordering the redemption by Boone county from tax sale, of N. $\frac{1}{2}$ of S.E. $\frac{1}{4}$, section 8, township 84, range 27, be, and the same is hereby rescinded as to the N.W. $\frac{1}{4}$ of S.E. $\frac{1}{4}$ section 8, township 84, range 27, and the same is made upon the express condition and understanding that there shall be no demand or claim ever made against Boone county for costs, damages or taxes by any one to this date on N.W. $\frac{1}{4}$, S.E. $\frac{1}{4}$, 8, 24, 27." That defendant thereupon released the county from all liability by written instrument, of which the following is a copy. " I, John Y. Smith, in consideration of passing the above and foregoing resolution, hereby bind myself and agree to the terms of said resolution, and state further that I am the holder of the tax certificate on said N.W. $\frac{1}{4}$, S.E. $\frac{1}{4}$, 8, 24, 27." That the plaintiff had no notice of such action by the Board of Supervisors, and did not in any way consent thereto. That the action of said Board was duly entered of record in the minutes. The Board, in January, 1871, was composed of three members only, one of whom was a member and was chairman in and during 1870.

That in case the court should decree the plaintiff to redeem, it is further agreed that a tender of the amount was made to defendant by plaintiff's attorney in August, 1871, and before suit was brought herein, and that the amount required to redeem is —— dollars.

It is also agreed that all the admissions, and agreed facts above set forth so far as they relate to the rebutting proofs of plaintiff, while admitted as true by defendant, are not by him accepted, because he objects to the testimony as irrelevant and incompetent, and the question of its admissibility is to be adjudicated by the court on the final hearing and admitted or rejected, subject to the right of exceptions to either party.

The court set aside defendant's tax deed, and ordered that he execute to plaintiff a deed of release. Defendant, Smith, appeals.

*Lowrie & Smith*, for appellant.

*Hull & Ramsey*, for appellee.

DAY, J.—The property of the United States is exempt from taxation. Government lands, entered or located, are not taxable for the year in which the entry or location was made. Revision, section 711. The land in question was sold for delinquent taxes of 1865 and 1866. The real question is, had the property, prior to the levy of the taxes for either of these years, ceased to be the property of the United States in such sense as to be liable for taxation?

The homestead act was approved May 20th, 1862. It provides that any citizen of the United States, or one who has filed his declaration of intention to become such, who is the head of a family, or has attained the age of twenty-one years, and has never borne arms against the United States, shall be entitled to enter one quarter section of unappropriated lands, subject to preemption at one dollar and twenty-five cents or less per acre, or eighty acres subject to preemption at two dollars and fifty cents per acre, and that upon filing a specified affidavit with the register or receiver, and the payment of ten dollars, he shall be permitted to enter the quantity of land

specified, provided that no certificate shall be given or patent issued until after the expiration of five years from the date of entry; and that if, at any time after the filing of the affidavit, and before the expiration of the five years, it shall be proven to the satisfaction of the register of the land office that the person having filed such affidavit shall have actually changed his or her residence, or abandoned the land for more than six months at any one time, the land so entered shall revert to the government.   Lester's Land Laws, Vol. 2, page 45.

The plaintiff settled upon the land in dispute in December, 1862, and upon the 15th day of July, 1863, he filed the declar-

1. TAXATION: public lands: homestead entry.

atory statement provided for in the homestead act. He had occupied the lands but little more than four years, when they were sold for the delinquent taxes of 1865 and 1866.   It seems to us to be clear that the lands were not taxable for those years.   If subject to taxation at all, they must have been so subject because of their condition at the time the taxes were levied.   The fact that a year after the sale final proofs were made, and the patent was afterward issued, cannot modify or affect the condition of the property at the time the taxes were imposed.   If they were liable to taxation at that time, it follows that they must have been subject to all the incidents of that liability.   The taxes imposed must have become and remained a lien upon the land, and three years from the date of sale, no redemption being made, the purchaser became entitled to a deed vesting in him all the interest and estate of the former owner, and of the state and county.

But, suppose after the tax sale the person making the homestead entry should abandon his actual residence upon the lands for a period of more than six months.   In that case what becomes of the lien for delinquent taxes, and what interest does the treasurer's deed convey?   The land reverts to the government, the lien is extinguished, and the deed of the treasurer becomes mere waste paper.   These considerations, it seems, must be conclusive of the proposition that, prior to the expiration of five years from filing the declaratory statement, the person seeking to avail himself of the provisions of

the homestead act, acquires no taxable interest. It is conceded the legal title need not of necessity vest in one before he becomes liable for taxes. But he must have a more tangible interest than one dependent upon continued occupancy for its existence, and liable to annihilation by an absence of six months. No case can be found in this State in which such an interest as the one under consideration has been held liable to taxation. All of them will be found to be cases where some corporation or individual, although not possessed of the legal title, yet is in a position to be entitled to a patent from the United States. See *Stockdale v. The Treasurer of Webster County*, 12 Iowa, 536; *Stryker v. Polk County*, 22 Iowa, 531; *Iowa Homestead Co. v. Webster County*, 21 Iowa, 221; *Dubuque and Pacific Railroad Co. v. Webster County*, Ib., 235; *The Cedar Rapids & Mo. R. R. Co. v. Woodbury County*, 29 Iowa, 247.

Appellant seems to rely upon the provisions of Section 711, sub-division 7, of the Revision, providing that government 2. \_\_\_ : \_\_\_ . lands, entered or located, shall not be taxed for the year in which the entry or location is made, and the homestead act providing that the person entitled to the benefit of its provisions, upon making the proper affidavit and paying ten dollars, shall be permitted to enter the quantity of land specified. It is claimed that, upon such entry, the land becomes liable for taxes the following year, under Section 711. This section of the Revision was enacted before the homestead law, and the words "locate and entry" are used in the sense in which they were then understood. Under the laws then in force, the location or entry entitled the person making it to a receipt, which was evidence of title.

At the time of levying the taxes in question, the land in controversy was, in such sense, the property of the United States, that it was not subject to taxation.

The judgment of the District Court is

AFFIRMED.