THE COUNTY OF BUENA VISTA v. THE IOWA FALLS & SIOUX CITY RAILROAD COMPANY.

1. **Estoppel:** SWAMP LANDS: TAXATION. The collection of taxes upon swamp land of which the county claims still to be the owner does not estop it to assert its ownership against the party paying the taxes.

2. ———: ACTS OF COUNTY OFFICERS: PRINCIPAL AND AGENT. The officers of a county are not its agents in such a sense that they can, by the levy and assessment of taxes upon land which is exempt from taxation, create an estoppel which shall prevent the county from subsequently asserting title in the property thus taxed.

3. ———: FORMER DECISION. The case of *Adams County v. The B. & M. R. R. Co.*, 39 Iowa, 507, differs from the present in that the taxes therein were assessed after the county's claim had been rejected by the general government and were paid by the claimant against the county as a compromise.

*Appeal from Buena Vista District Court.*

TUESDAY, JUNE 12.

THE plaintiff, claiming to be the owner of certain lands described in the petition, under the act of Congress entitled

"An Act to enable the State of Arkansas and other States to reclaim the swamp lands within their limits," approved September 28, 1850, and the act of the General Assembly entitled "An act to dispose of the swamp and overflowed lands within the State, and to pay the expenses of selecting and surveying the same," passed in 1853, commenced this action in equity for the purpose of having such title established and confirmed. The defendant also claims title to said lands under an act of Congress, approved May 15, 1856, entitled "An act making a grant of lands to the State of Iowa in alternate sections to aid in the construction of certain railroads in said State," and the legislation of the State and action of the State officials in reference thereto. A demurrer having been sustained to the second division of the answer, the defendant appeals.

*I. N. Kidder* and *G. S. Robinson,* for appellant.

*Galusha Parsons,* for appellee.

SEEVERS, J.—It is averred in the petition that plaintiff caused proper lists to be made of the swamp lands within the county and filed in the General Land Office as early as 1860, which lists were accompanied with the proper proofs, and from that time the plaintiff has made efforts to have the Commissioner of the General Land Office examine and pass upon the sufficiency thereof; that the defendant appeared before said commissioner and resisted the allowance of the claim made by plaintiff to said lands. Finally, in 1875, the commissioner recognized and allowed plaintiff's said claim, and defendant appealed therefrom to the Secretary of the Interior, who, in August, 1876, reversed the decision of the commissioner and directed him to take no further action upon plaintiff's application and claim.

In the second division of the answer it is admitted the defendant resisted the allowance of said claim before the commissioner, and we do not understand that defendant denies having taken an appeal to the Secretary of the Interior and the action of that officer thereon.

For the purposes of this case we understand it to be conceded that plaintiff is the owner of the lands described in the petition, under the act of Congress and the State legislation based thereon, but it is claimed in the second division of the answer that the plaintiff is estopped from setting up and asserting such title by reason of the matters contained in the seventh paragraph of the answer, which is as follows:

"VII. That on the 17th day of August, A. D. 1871, said plaintiff, by its proper officers, entered all said lands for taxation, and caused the same to be properly and legally entered for the year 1872, and all subsequent years for its purposes of taxation, and levied thereon for each of said years the ordinary State, county, and local taxes, and this defendant has paid to said county, and said county has required, demanded, and received and collected from this defendant, as the owner of said lands, knowing that this defendant claimed the ownership thereof, the taxes levied on said lands for the years 1872, 1873, 1874 and 1875, amounting in the aggregate to a large sum, which said taxes said county has appropriated and not refunded or offered to refund to this defendant, and said plaintiff is now equitably estopped from claiming or asserting the title to said lands or any part or parcel thereof."

I. That an estoppel may be created by mere silence when good faith and common honesty requires one to speak must, we think, be conceded. The taxes were levied and collected by the county officers knowing that defendant claimed title to the lands. If, however, the defendant was not induced thereby to pay the taxes and did not rely thereon in making the payment, then what was done by said officers becomes wholly immaterial. As if one builds a house on the land of another, not by reason of the fact that the latter has knowledge he is so doing and permits him to spend his money, but because of the fact that he, relying on his own judgment, believes he has title—then no estoppel is created against the owner. The case presents very different features if the owner has knowledge of the expenditure, encourages it, and it is made in consequence of the action or conduct of the owner of the title. Bigelow on Estoppel, 480. Now it

1. ESTOPPEL: swamp land: taxation.

is not averred in the answer that defendant paid the taxes because they were levied and under the belief that plaintiff had abandoned all claim to these lands. It is difficult to see how such averments could be truthfully made when the defendant knew the plaintiff was at the time insisting on its title before the proper officer at Washington City.

II. Again, the question is, whether county officers are in in any just sense such agents of the county as can by their conduct in assessing and levying taxes on county property and collecting the same create an estoppel against and prevent the county from asserting title to the property thus taxed.

2. ——: acts of county officers.

Counties are public corporations, created for the purpose of enabling the State the more conveniently and readily to perform the duties incident to its organization. It can be well said that neither counties nor the officers thereof have any private duties to perform. They are agents of the public, and their duties are prescribed by statute. Nor do such officers act alone for the counties, but for the State and the lesser taxing districts.

The board of supervisors are the financial agents of their respective counties, but they are not by any manner of means free agents to do and perform such acts as they or the people of the county may deem best for the welfare of the county. They are bound by the iron rule of the statute, and when they have exceeded their statutory power the act at least usually is a nullity.

These lands, being county property, are exempt from taxation, and it is no part of the duty of the county officers to determine what lands are taxable or are not so. Nor can they make property of the county liable to taxation which by law is exempt. The right of taxation is an attribute of the sovereign, which in this State is the General Assembly, and it cannot be legitimately and legally exercised by any other power or authority.

It was held by this court in *Sully v. Poorbaugh*, 45 Iowa, 453, where a county was the owner of swamp lands on which taxes were levied and assessed, and the county afterward sold

and conveyed the. lands, which were afterward sold for taxes and conveyed by the treasurer, that the levy and sale for taxes was a nullity, and the purchaser at the tax sale got no title thereby. To the same effect is *Gibson v. Howe*, 37 Iowa, 168. These cases quite clearly indicate that the action of the county officers in levying and collecting taxes does not estop the grantees of the county from asserting title to. the lands sold and conveyed for the unpaid taxes levied when the property of the county, and it is difficult to see why an estoppel should be created against the county and not its grantees. The latter only obtains whatever title the former had at the time of the conveyance.

As we understand this subject has been considered in the courts of other States, and our attention has not been called to a single adjudicated case in which it is held county officers are such agents of their respective counties that their acts in levying and collecting taxes will estop the county from asserting title to such property, but the contrary in effect has been held as to township and city officers in the following cases: *Lorillard v. Town of Monroe*, 1 Kernan, 392; *Rossere v. City of Boston*, 4 Allen, 57; *City of St. Louis v. Gorman*, 29 Mo., 593; *Ellsworth v. Grand Rapids*, 27 Mich., 250.

III. It is urged, however, that this court is committed to the doctrine that an estoppel is created by reason of matters stated in the pleadings, and counsel cite *The Iowa Railroad Co. v. Story County*, 36 Iowa, 48; *Adams County v. The B. & M. R. R. Co.*, 39 Iowa, 507, and *Audubon County v. The American Emigrant Co.*, 40 Iowa, 460. In none of these cases are the facts like the present case. Conceding that the doctrine of estoppel was rightly applied in each of said cases, it by no means follows such should be the rule in this. The case more nearly like the present is the Adams county case, and that is distinguishable from the one at bar in two most important particulars: *First*, the 'taxes were paid as a compromise after the attention of the board· of supervisors had been expressly called to the fact that the lands to which the county afterward claimed title had been taxed, and that the validity of the taxes was

3. ——: former decision.

disputed; and, *Second*, immediately after the rejection of the claim of the county to the lands by the proper officers of the general government, the lands were assessed as the property of the defendant and taxes levied thereon. While in the present case the taxes were levied at a time when the plaintiff was urging the proper officers to recognize and allow its claim to the lands in controversy, and to which the defendant was objecting. We are not disposed to extend the rule established in the Adams county case.

AFFIRMED.