HOWARD COUNTY v. BULLIS ET AL.

BULLIS v. HOWARD COUNTY:

1. Estoppel: TAX SALE. A county is not estopped to set up its title to land by the unauthorized acts of its officers in assessing and selling it for taxes, where there was no claim of title asserted adverse to that of the county.

*Appeal from Howard Circuit Court.*

FRIDAY, OCTOBER 25.

THESE are actions in chancery to quiet the title of the

respective plaintiffs to two different tracts of land, severally involved in each action. Plaintiff's petition was dismissed in the first action; the relief sought in the second was granted. The county appeals in each case.

*H. T. Reed,* for the county.

*Levi Bullis, pro se.*

BECK, J.—I. These causes were submitted and argued together. While each involves a separate tract of land, they are submitted upon the same evidence. The same principle of law is involved in each case. The first action is brought to quiet the title of the county, and to set aside a tax title; the second to establish and quiet plaintiff's tax title. The sufficiency of the tax title to divest the county's interest in the separate tracts of land is presented for determination in each case. The property involved in each action is a part of the swamp lands granted to the county. It is shown that each tract was assessed for taxation as non-resident lands, and sold for delinquent taxes, and upon these sales deeds were made to Mr. Bullis, the defendant in one action, and plaintiff in the other, who, after the execution of the tax deeds, for several years paid taxes upon the lands. The county claims that the lands were not subject to taxation, and the tax sales and deeds were, therefore, void. The holder of the tax title claims that, while the lands were not subject to taxation, the assessment and sale and subsequent collection of taxes create an estoppel against the denial by the county of the validity of the tax titles.

It is conceded that the lands were not subject to taxation, and that their assessment and sale were made without authority of law, and without actual knowledge on the part of the county officers that the lands were the property of the county.

II. The holder of the tax titles in these cases rests his

Howard County v. Bullis.

claims of their validity upon the doctrine of equitable estop-
pel, which will not permit a party to deny repre-
sentations made by words or acts under which
another acted, and upon which he relied. These represen-
tations, it is claimed, are that the lands were taxable; that
the county did not own them; for, if so owned, they were not
taxable. We will inquire into the correctness of this position.

1. ESTOPPEL:
tax sale.

The acts of the county were done by its officers. If these
acts were in violation of law they can have no effect to
bind the county or create an estoppel against the county set-
ting up the invalidity of these acts. This proposition is ob-
vious. If it be not true the county can have no protection
against the unlawful acts of its officers. The lands, being
county property, were not taxable. The assessments, sales,
and deeds were, therefore, void. A void act is no act; it is
binding for no purpose. How can it be said, then, that the
void acts of the county officers will operate to bind the county
through representations which the law will infer therefrom?
In truth, these acts, being in violation of law, have no force for
any purpose. The officers, in assessing and selling the lands,
passed upon no question involving the ownership. It is not
shown that any one set up a claim of title adverse to the county
which was held by the county officers to constitute a taxable
interest, nor does it appear that any inference could have
been drawn from the assessment and sale to the effect that
the officers held the title not to be in the county, for no claim
adverse to the county existed. We conclude, therefore, that no
representations could have been inferred from the assessment
and sale of the lands for taxes to the effect that they were not
owned by the county, and were, therefore, subject to taxation.
The conclusion that the county is not estopped to set up its
title to the lands by the unauthorized act of its officers in
assessing and selling them, is in accord with our decision in
*Buena Vista County v. The Iowa Falls & Sioux City R. Co.*, 46
Iowa, 226; *Bixby v. Adams County, ante*, p. 507. See, also, *St.*

*Louis v. Gorman,* 29 Mo., 593; *Rossire v. Boston,* 4 Allen, 57; *McFarland v. Kerr,* 10 Bostw., 249.

III. In support of the decision of the court below the following cases decided by this court are cited: *Iowa Railroad Land Co. v. Story County,* 36 Iowa, 48; *Audubon County v. The American Emigrant Co.,* 40 Iowa, 460; *Page County v. The B. & M. R. R. Co.,* 40 Iowa, 520; *Austin v. Bremer County,* 44 Iowa, 155; *Adams County v. The B. & M. R. R. Co.,* 39 Iowa, 507. The case first cited has no application to the question before us. It is therein held that the county, being under a contract to convey its swamp lands, which it refused to perform, could not levy taxes on the land as the property of the other party to the contract, claiming that, at the time of the refusal to convey, and prior thereto, the title of the lands was held by such party.

In all the other cases there were titles or claimants to the land adverse to the counties; that is, the counties' titles were disputed, or it was claimed that they had sold, or contracted to sell, the swamp land. In *Adams County v. The B. & M. R. R. Co.,* and *Page County v. The B. & M. R. R. Co.,* it was claimed that the land passed to the railroad company under the railroad land grant. In each of these cases there was a contest between the swamp land and railroad grants, and settlements between the railroad company and the counties, involving the rights of the parties to the lands. In *Austin v. Bremer County* there were conflicting titles to the land. It was entered at the United States land office, and parties claimed title under the entry, and was afterwards selected and conveyed by the State to the county as swamp land.

In all of these cases there were claimants of the lands adverse to the counties, and the assessments and sales were based upon the supposition that the lands were subject to taxation. Upon these facts the doctrine of estoppel was well applied to protect purchasers of the land who paid their money relying upon the acts of the county in selling the land

as a representation that the lands were taxable, and the adverse titles upon which they were taxed were superior to the claims of the county.

In the case now before us no such facts exist. There was no claim adverse to the title of the county. The purchaser could not have been induced to believe that the lands were taxable, and that the county abandoned its claim thereto, for he had notice of the title of the county, and that there was no adverse claim. *Gibson v. Howe*, 37 Iowa, 168.

We reach the conclusion that in each case the decision of the Circuit Court is erroneous. The judgment in each case will be reversed. In the first case a decree will be entered in this court granting the relief prayed for by plaintiff. In the second case a decree will be here entered dismissing plaintiff's petition.

REVERSED.