## ALLISON v. HALFACRE.

1. SWAMP LANDS. The act of Congress granting swamp lands to the State of Iowa operated *ex proprio vigore* to convey the title to the State. The subsequent selection and patenting of the lands were necessary only for the purpose of fixing their location and description.

*Appeal from Fremont District Court,*

THURSDAY, APRIL 11.

THE plaintiff in his petition sets up a pre-emption claim to a tract of swamp land, proved up according to the acts of the General Assembly of this State, for which he had a certificate from the county judge of Fremont county regularly assigned to him, and upon which he charged that the defendant was committing irreparable waste, by cutting and hauling

away the timber therefrom. The prayer of the petition was for an injunction and the allowance of damages for the injury done.

The defendant denied the charges, and set up title to the same land by virtue of a pre-emption from the general government. On the trial the court found the issues in favor of the plaintiff, awarded him one hundred dollars for his damages, and made the injunction perpetual.

*McHenrys and Solomon*, for the appellant.

*Rector & Harvey*, for the appellee.

LOWE, C. J.—No evidence whatever has been certified up with the record in this case; in the absence of which we must presume that the judgment of the court was a just response thereto. Whether the questions of law raised in this court were presented and passed upon by the court below, we have no means of determining from the record. If it should be said that this is a chancery case, and that questions going to the equity of the bill may be insisted upon at the hearing as well as by demurrer, then they should be limited to the facts presented in the petition, and not confounded with those arising upon the evidence.

In the present condition of the record there is but one question, perhaps, which it would be proper for us to pass upon; and this relates to the alledged invalidity of the acts of the Legislature granting pre-emption rights to swamp lands. The point made as we understand it, is, that these pre-emption acts were passed anterior to the time when the swamp lands were patented to the State by the general government, and were on that account an unlawful interference with the primary disposal of the soil by the United States. The objection proceeds upon the idea that the title to these lands is not vested in the State by the act of Congress granting them, but by the subsequent selection and patenting of the same. This is simply a mistake. The act granting the swamp lands operates *ex proprio vigore* to pass the title

at once. The subsequent selection and patenting is required for the purpose of fixing their location and description.

The judgment below is affirmed.