## SIKES v. SHELDON

1. **Negligence**: WHAT CONSTITUTES: FACTS INSUFFICIENT: QUESTION OF LAW. Where there is any evidence tending to show negligence, the question of negligence is one of fact for the jury; but where it is insisted that there is no evidence in the case having such a tendency, the question presented is one of law. The facts in this case considered and held insufficient in law to constitute negligence.

*Appeal from Delaware District Court.*

WEDNESDAY, JUNE 14.

ACTION to recover for a personal injury alleged to have been sustained by the plaintiff by reason of the negligence of the defendant in obstructing a street. There was a trial to a jury and verdict and judgment were rendered for the plaintiff. The defendant appeals.

*Chas. Husted, A. S. Blair* and *C. Yoran,* for appellant.

*Bronson & LeRoy* and *E. M. Carr,* for appellee.

ADAMS, J.—The principal question presented in this case is as to whether, under the proven and conceded facts, the defendant can be held to have been guilty of negligence. The injury of which the plaintiff complains was caused by a neck yoke being thrown against her head by a horse running away with the shafts and cross-bar of a cutter. The accident occured in the town of Manchester on its principal street. The negligence is alleged to have consisted in leaving the neck yoke in such a place and in such a position that it was liable to be struck in the manner in which it was, and thrown

against a person walking upon the sidewalk. The street in which the accident occured is eighty feet wide, and runs east and west. The plaintiff was walking westerly on the north sidewalk about four o'clock in the afternoon. The defendant is proprietor of a livery stable situated upon the north side of the street. One of the defendant's employes backed a sleigh against the sidewalk in front of the stable for the purpose of unloading it. He unhitched his horses and left the box of the sleigh standing at right angles with the sidewalk. The tongue he turned towards the east and nearly at right angles with the box of the sleigh, and left it suspended by the middle ring of the neck yoke, one end of the neck yoke standing upon the ground. The place where the neck yoke stood was about eleven feet from the north sidewalk and sixty-three feet from the south sidewalk. The street was well graded, and when not obstructed can be traveled by teams the whole width between the gutters. The sleigh and neck yoke had stood in the position mentioned ten or fifteen minutes before the accident occurred. The runaway horse came from the east, keeping at first near the center of the street, but as he approached the defendant's sleigh he turned suddenly to the right and ran over the tongue of the sleigh, and the cross-bar hitting the neck yoke threw it against the plaintiff who was passing on the sidewalk. The foregoing are stipulated to be facts, and they constitute all the essential facts so far as the question of the defendant's negligence is concerned. It is insisted by the plaintiff that the stipulation shows that the defendant had been guilty of negligence at other times, in allowing the street in front of his barn to become obstructed, but if the plaintiff is entitled to recover she can recover only by reason of the negligence which caused the injury.

Where there is any evidence tending to show negligence the question of negligence is for the jury. The difficulty

1. NEGLI-GENCE: what constitutes: facts insufficient: question of law.

arises in determining what evidence tends to show negligence. But when it is insisted that there is no evidence in the case having such tendency, the question presented is a question of law.

The use which the defendant made of the street was a legitimate one. Possibly it would not have been proper for him to leave his sleigh at that place for a great length of time, but he was justified in leaving it there until he could unload it, and until he had a reasonable time to move it away. If there was any negligence it was in leaving the neck yoke in an upright position. It seems probable that if it had not been so left the accident would not have occured. But that fact alone is not sufficient to justify us in saying that the act was negligent. "The law does not require from any person super-human wisdom or foresight. Culpable negligence is the omission to do something which a reasonable, prudent and honest person would do, or the doing something which such a person would not do under all the circumstances surrounding each particular case." Shearman and Redfield on Neg., Sec. 7.

The neck yoke must have been about three feet long, and the tongue of the sleigh must have been suspended from the ground about a foot and a half. If a reasonable and prudent man had been asked at the time the neck yoke was left in its upright position whether it was dangerous to persons passing on the sidewalk, he would, we think, have considered the question absurd. Again we may inquire, how many times it is probable that the neck yoke could be left in that position again for fifteen minutes at a time before it would be thrown against a person upon the sidewalk by any cause whatever? There is but one reasonable answer, and that is that there is scarcely a possibility that such accident would ever take place.

In our opinion there was no evidence of negligence, and the verdict should have been set aside.

REVERSED.