CONNORS v. MESERVEY.

**Public Lands:** CONFLICTING CLAIMS UNDER SWAMP-LAND AND RAIL-ROAD GRANT: DECISION OF LAND COMMISSIONER: RIGHT OF APPEAL. It sufficiently appears from the evidence in this case (see opinion) that there was on file in the office of the commissioner of the general land-office a claim that the land in question was included in the swamp-land grant of September 28, 1850, and that such claim was regarded by the commissioner as *prima facie* sufficient. The county had conveyed the land to D. as swamp land, and D. had conveyed to S., and these deeds were of record in the proper county. S. had also deeded to defendant, but the deed was not of record. Afterwards the Dubuque and Sioux City Railroad Company claimed the land under act of congress of May 15, 1856. The commissioner of the general land-office, upon what evidence does not appear, decided that the land was not swamp land, but that it inured to the said railroad company, and plaintiff claims under said company. *Held* that this decision was not conclusive upon the defendant and those under whom she claimed, because they were given, and had, the right to appeal; and while it appears that they did not appeal, it was incumbent upon plaintiff also, in order to bind defendant by that decision, to prove that notice of the right to appeal was given to those claiming under the swamp-land grant; which he has failed to do. Consequently defendant's *prima-facie* title is not overcome.

2. ———: CHARACTER OF LAND: EVIDENCE: TIME. Whether the land in question passed under the swamp-land grant depends upon its character when that act was passed, and evidence of its character at the time of the trial of this action was properly excluded.

3. **Evidence:** IN REBUTTAL: NEW ISSUE. Plaintiff in his petition relied upon the decision of the commissioner of the general land-office that the land was not swampy, and did not allege that it was not in fact swampy. *Held* that he could not be allowed in rebuttal to introduce evidence that it was not in fact swampy at the time of the passage of the swamp-land grant.

*Appeal from Webster District Court.*—HON. JOHN L. STEVENS, Judge.

FILED, SEPTEMBER 10, 1888.

ACTION on the covenants in a deed executed by the defendant, conveying certain real estate to the plaintiff.

The breaches stated in the petition are that the defendant was not lawfully seized of, and did not have lawful authority to sell and convey, said premises, and that the plaintiff was compelled to purchase the superior title. The defendant denied the allegations of the petition, and pleaded that she derived the title conveyed by her under the swamp-land grant made by congress on the twenty-eighth day of September, 1850, and the statute of limitations. Trial by jury, and the court directed a verdict for defendant, which having been found, judgment was accordingly rendered, and the plaintiff appeals.

*Wright & Farrell*, for appellant.

*A. N. Botsford*, for appellee.

SEEVERS, J.—The outstanding title purchased by the plaintiff was derived under the act of congress approved May 15, 1856, granting lands in aid of the construction of railroads in the state of Iowa. The material question to be determined is whether this or a title under the swamp-land grant is the superior title. In considering such question it is not deemed necessary to state with particularity the state and congressional legislation on the subject, for the reason that it is well known, and the effect thereof understood, and at this day cannot be a subject of doubt. To maintain the issue on his part, the plaintiff introduced in evidence a certificate of the commissioner of the general land-office, dated February 18, 1879, showing the land in controversy to be free from conflict, and that it had inured to the Dubuque & Sioux City Railroad Company, under the act of congress of May 15, 1856, and acts amendatory thereto. The defendant introduced evidence showing that prior to such certification the land in controversy had been selected and listed as swamp land, and treated as such by the state and county authorities; but such list was not verified by any one. The surveyor general, however, on the twentieth day of February, 1857, certified that said list " had been compared with the field notes, plats and other evidences on file in this office,

Connors v. Meservey.

and by the affidavits of said county surveyor or state locating agents it appears that the greater part of each smallest legal division of the land embraced in said list is swampy, or liable to overflow, so as to render the same unfit for cultivation, and is therefore of the character contemplated in the act of September 28, 1850.'' The defendant also introduced the certificate of the commissioner of the general land-office, dated December 23, 1858, showing that other land in the same section, township and range had been earned by the railroad company, and the said lands were duly certified to it at that time. It further appears from the evidence introduced that in 1876 the commissioner of the general land-office had on file in his office evidence showing that the land in controversy was claimed under the swamp-land grant, and the local land-officers were notified that such claim was contested under the railroad grant, and such officers were directed to investigate the true character of the land. It must be assumed that such investigation was made, for on the sixteenth and twentieth days of April, 1878, the commissioner decided, from the evidence furnished him by the local land-officers, that the land was not of a swampy character, and they were directed to notify the state authorities, and all other parties claiming an interest in said lands, of the action of the commissioner, and allowed sixty days from the service of such notice for an appeal from such decision. On June twenty-fourth the receiver of the local land-office notified the commissioner that no appeal had been taken, and thereupon, on July 15, 1878, the commissioner notified such receiver that the swamp-land claim had been rejected, and thereafter the land was certified as inuring under the railroad grant, as above stated. There is no evidence in the record tending to show that notice of the right to appeal was given to any one, although it then appeared of record in the recorder's office, in the proper county, that the county had conveyed the land to Duncombe, and he to Snell. The latter had also conveyed to the defendant, but the deed had not been recorded, and it affirmatively appears that no notice was

given of her right to appeal from the decision of the commissioner.

The material question is whether the foregoing record evidence shows *prima facie* that the land was of a swampy character at the time the swamp-land grant was enacted by congress. We think it does. We are unable to see any material difference between it and the evidence in *Page County v. Burlington & M. R. Ry. Co.*, 40 Iowa, 520. The only difference in substance is that in this case the swamp-land list, introduced in evidence, is not verified by any one, but the certificate of the surveyor general shows that affidavits were attached thereto. But it is said his certificate is not sufficient evidence of such fact, and that he had no authority to so certify and determine ; but we think he had. But, conceding otherwise, it sufficiently appears that there was on file in the office of the commissioner a claim that the land in question was swamp. Such claim was regarded as *prima facie* sufficient ; and the railroad company was required to contest such claim, and show that the land was not of the character contemplated by the act of congress making the swamp-land grant. The fact that the land in the same section, township and range had been certified to the railroad company as earned, and the land in controversy omitted, creates at least a presumption that it was then claimed by proper evidence then on file under the swamp-land grant. This is more reasonable than to suppose it was omitted by mistake, when the railroad company was afterwards required to contest the swamp-land claim, which, as a matter of course, must be based on record evidence in the office of the commissioner. Especially is this true when it must be presumed the surveyor general did his duty, and forwarded the list certified by him to the commissioner. We have no knowledge of the evidence before the commissioner when he decided that the land was not of the character contemplated by the act of congress, and such decision cannot be regarded as concluding the defendant, or those under whom she claims, for the reason that they were given, and had, the right of

Connors v. Meservey.

appeal; but no notice of such right was served on them, as we have the right to assume. ٠ To make the commissioner's ruling conclusive on the defendant, the plaintiff should have introduced evidence showing such notice had been given, in addition to the failure to appeal.

The defendant having made out a *prima-facie* case that the land was swampy, it devolved upon the plaintiff to show it was not of that character at the time the act of congress was passed, and that is what he attempted to do. When introducing his evidence in chief, a witness was asked, "You may state what kind of land this is." An objection that the proposed evidence was immaterial was properly sustained, for the reason that the question as asked related to the time when the witness was examined. It was immaterial what the character of the land then was. The material question was, what was its character on the twenty-eighth day of September, 1850?

2. ——: character of lands: evidence: time.

Pending arguments on the motion to take the case from the jury, and therefore in rebuttal, the plaintiff "offered to show by oral evidence that the land in controversy was not swamp land, within the meaning of the act of congress of 1850, at the time of the passage of the act." To this the defendant objected, because there was no such issue, and for the further reason that it was not properly rebutting evidence. The objections were sustained, as we think, properly. It will be observed, that the plaintiff relied on the decision of the commissioner, and not that the land was in fact not swampy; and before he could introduce evidence tending to prove such fact, he should have so pleaded, and issue should have been joined. Thus, and only thus, could the defendant have been properly advised of the issues she must be prepared to meet. The plaintiff attempted to spring a new and distinct issue, and to establish it by introducing evidence in rebuttal. To have permitted this would have given the plaintiff an unfair advantage, which cannot be sanctioned in a court of justice. The judgment of the district court is                                   AFFIRMED.

3. EVIDENCE: in rebuttal: new issue.