## SNELL v. THE DUBUQUE AND SIOUX CITY RAILWAY COMPANY.

1. **Swamp Lands**: WHEN SWAMP TITLE VESTS: CONTEST: JURISDICTION OF STATE COURTS: NEGLECT OF OFFICERS. The swamp-land act of congress of September 28, 1850, was a grant *in præsenti* to the state. (See authorities cited.) The state granted the lands to the counties in which they are located, and Webster county granted the lands involved in this case, as swamp lands, to plaintiff. The lists of swamp-land selections, including the tracts in controversy, were made and duly forwarded to the general land-office prior to 1860, when plaintiff obtained his deed. *Held* that, if the lands were, in fact, overflowed and swamp, within the meaning of the act of congress, and, if the conveyance from the county was valid, then plaintiff is the owner of the land, notwithstanding there may be defects in the documentary evidence of his title, and that he might maintain an action in the district court to determine and quiet his interest (Code, sec. 3273; *Rankin v. Miller*, 43 Iowa, 20; *Railway Co. v. Brown*, 40 Iowa, 334), and that the failure of the proper officers to pass on the lists of selections could not defeat the jurisdiction of the court in the matter.

2. ———: SELECTION UNDER SWAMP-LAND ACTS: EVIDENCE. The record evidence as to the selection and character of the land involved in this case,—the same being claimed as swamp land,—is substantially the same as in *Connors v. Meservey*, 76 Iowa, 691, and, following that case, it is *held* to show *prima facie* a valid and sufficient selection of the land as swamp land.

3. ———: POWER OF COUNTY COURT TO CONVEY. The county courts had power, on the twenty-fourth day of December, 1860, to convey the swamp lands of their respective counties. That power, which they formerly had, was not taken away by chapter 46, Laws of 1860, providing for boards of supervisors, and giving them the care and management of the property and business of their counties; and it would seem that the power remained in the county courts until the taking effect of chapter 8, Acts of Extra Session of the Eighth General Assembly, held in 1861, when it was formally given to the boards of supervisors. (See opinion for statutes cited and considered.)

4. ———: CONTEST BEFORE REGISTER AND RECEIVER: INSUFFICIENT NOTICE TO SWAMP-TITLE OWNER: RES ADJUDICATA. Plaintiff's title to the land in question antedates the year 1876. In that year the defendant instituted proceedings before the register and receiver of the United States land-office, in which some of the land was decided not to be swamp. A notice of the proceeding was served on the register of the state land-office and on the chairman of the board of supervisors of Webster county,—the land being in that county. The notice was addressed to the state, to Webster county, and to "assigns, and all other persons in interest," and was published four weeks in a paper in Webster county. Plaintiff was a non-resident of the state, and did not appear at the hearing. *Held* that he had no notice, and was, on that account, not bound by the decision. But if the notice had been sufficient, still he was not bound, because he was not served with notice of his right to appeal, as required by the commissioner of the general land-office. (Compare *Connors v. Meservey,* 76 Iowa, 691.)

5. ———: INDIAN TITLE NOT EXTINGUISHED: FEE PASSED TO STATE. The swamp-land act of congress, passed September 28, 1850, vested the fee to the lands affected thereby in the state, immediately upon its taking effect, notwithstanding the Indian title was not then extinguished. The state and its grantees held the fee subject to the Indian right of occupation up to such time as that right was relinquished, when the right of possession vested in the owner of the fee. (See opinion for citations.)

*Appeal from Webster District Court.*—HON. D. D. MIRACLE, Judge.

FILED, JUNE 4, 1889.

ACTION in equity to quiet the title to real estate. There was a trial on the merits, and a decree in favor of plaintiff. The defendant appeals.

*Theo. Hawley,* for appellant.

*A. E. Clarke*, for appellee.

ROBINSON, J.   Plaintiff claims title to seven forty-acre tracts of land, described in his petition, by virtue of the act of congress, approved September 28, 1850, and acts of the general assembly of the state of Iowa, relating to swamp lands.   Defendant claims title to the same land by virtue of the act of congress, approved May 15, 1856, granting to the state of Iowa certain lands to aid in the construction of a railroad from Dubuque to a point on the Missouri river, near Sioux City, and other roads, and by virtue of the acts of the general assembly of the state of Iowa.   The district court found that plaintiff was the owner of the land in question, and quieted his title thereto as against defendant.

I.   The first point made by appellant is that the district court had no jurisdiction of the cause.   It is

1. SWAMP lands: when swamp title vests: contest: jurisdiction of state courts: neglect of officers.

said in support of this that "by the laws of congress the commissioner of the general land-office and the secretary of the interior are made a special tribunal to pass upon and determine whether or not the lands in suit were of the character of lands granted by the swamp-land grant, and until they have passed upon that question, or, at least, have refused to pass upon it, the court could not take jurisdiction of that question, and oust the land department of its jurisdiction previously acquired, and determine, in the first instance, the question whether or not these were swamp lands, and had been granted under the swamp-land grant."   The swamp-land act of congress, of September 28, 1850, was a grant *in præsenti.   Allison v. Halfacre*, 11 Iowa, 450; *Barrett v. Brooks*, 21 Iowa, 147; *Chicago, R. I. & P. Ry. Co. v. Brown*, 40 Iowa, 334; *Railway Co. v. Smith*, 9 Wall. 95; *Wright v. Roseberry*, 121 U. S. 488; 7 Sup. Ct. Rep. 985.   That being true, the title to the lands in the state of Iowa contemplated by the act vested at once in the state, and neither of the officers named had any power to prevent it.   The state granted

the lands to which title was acquired as aforesaid to the respective counties in which they were located. Chapter 12, Acts, 4th Gen. Assem. If the land in question was swamp and overflowed within the meaning of the act of congress referred to, and if the conveyance from Webster county, through which plaintiff claims title, is valid, then plaintiff is the owner of the land, even though there may be defects in the documentary evidence of his title, and he may maintain an action to determine and quiet his interest. Code, sec. 3273; *Rankin v. Miller*, 43 Iowa, 20; *Railway Co. v. Brown*, *supra*. The evidence justifies the presumption that the lists of swamp-land selections, including the tracts in controversy, were made and duly forwarded to the general land-office prior to the year 1860. The failure of the proper officers to act upon those lists could not defeat the claims of Webster county and its grantees, nor prevent their seeking a remedy in the district court.

II. Appellant contends that plaintiff has failed to show a valid and sufficient selection of the tracts of land
2. ——: selection in question under the swamp-land acts.
under swamp- The record evidence as to the selection and
land acts: evi-
dence. character of the land is substantially the same as that held to be *prima-facie* sufficient in *Connors v. Meservey*, 76 Iowa, 691. The plaintiff also submitted the testimony of witnesses which shows quite satisfactorily that the land is swamp and overflowed within the meaning of the swamp-land acts. Defendant introduced a certified copy of proceedings had and evidence given before the register and receiver of the United States land-office at Des Moines, in January, 1878, in an alleged contest as to the character of the land in controversy. The purpose of the defendant in introducing the copy does not clearly appear, but, treating it as evidence of the character of that land, it fails to rebut the showing made by plaintiff.

III. The conveyance from Webster county, through which plaintiff claims title, was executed by the county
3. ——: power court on the twenty-fourth day of December,
of county 1860. It is contended by appellant
court to con-
vey. that at that time power to sell and convey

swamp lands was vested in the board of supervisors, and not in the county court or county judge. Chapter 46 of the Acts of the Eighth General Assembly took effect on the fourth day of July, 1860. It provided for a board of supervisors in each county, and gave to it the care and management of the property and business of the county in all cases where no other provision shall be made. Revision of 1860, sec. 312 (11). It did not, in terms, take from the county courts and county judges the powers they had previously exercised by law in regard to swamp lands. It provided that the first election thereunder should be held at the general election of 1860, and that it should not affect such courts or judges until the first meeting of the board of supervisors in 1861. Revision of 1860, secs. 323, 324. The general assembly has at least twice construed it as not giving to the boards of supervisors the authority in question. Chapter 8, Acts of the Extra Session of the Eighth General Assembly, held in 1861, gave to the boards of supervisors control of the swamp lands, and legalized their acts in relation to them. Chapter 180, Acts, Eighteenth General Assembly, recites that by the Revision of 1860 conveyances of swamp lands were required to be executed by the county court, and legalized conveyances by county judges and county courts. We are of the opinion that the construction adopted by the general assembly was authorized, and should be sustained. Repeals by implication are not favored; and the act of 1861, following so soon the act of 1860, is convincing evidence that the last-named act was not designed to take from the county courts and county judges control of the swamp lands. The deed of Webster county to plaintiff's grantor recites a compliance with the various requirements of law in regard to swamp lands, and the evidence strongly corroborates the recitals of the deed. In our opinion, the claim of defendant that a sale and conveyance of the land in controversy have not been shown is not well founded.

IV. It is shown that proceedings by appellant to contest the right of the state of Iowa to hold five of the

4. ——: contest
before regis-
ter and
receiver:
insufficient
notice to
swamp-title
owner: res
adjudicata.

tracts in controversy were instituted before the register and receiver of the United States land-office in Des Moines, in 1876. In December, 1877, a notice of the contest, directed to "the state of Iowa, the county of Webster in the state of Iowa, assigns and all other persons in interest," was served on the register of the state land-office and the chairman of the board of supervisors of Webster county. It was also published four weeks in a paper in Webster county. A hearing ing was had before the officers of the United States land-office in Des Moines at the time fixed in the notice. Evidence as to the character of the land was taken, and three of the tracts in controversy were held not to be swamp land. That decision was approved by the commissioner of the general land-office. No appeal from either decision was taken. Neither the state nor Webster county appeared at the hearing. The report of the register and receiver shows that one "W. N. Meservey appeared on behalf of one Thomas Snell, grantee of Webster county," as to one tract, but we do not find any evidence which shows that he was authorized to appear for plaintiff. He had acquired the title under which he claims many years before the contest proceedings were commenced, and was a non-resident of the state. Our attention has not been called to any provision of law by which the service of notice in question gave to the officers of the land-office jurisdiction to determine his right to the land. But if it be admitted to have been sufficient for that purpose, there is no competent proof that he was ever served with notice of his right to appeal, as required by the commissioner of the general land-office. *Connors v. Meservey*, 76 Iowa, 691.

V. Appellant contends that the land in controversy was not included in the swamp-land grant, even though it was of the character contemplated by that grant, for the reason that the Indian title thereto was not extinguished until after the year 1850. The right of the Indians, however, was limited to occupation and use, and grants of land,

5. ——: Indian
title not ex-
tinguished:
fee passed to
state.

to which their title has not been extinguished, operate to pass title to the soil, subject to the Indian right of occupation. *Johnson v. McIntosh*, 8 Wheat. 574; *United States v. Cook*, 19 Wall. 591, and cases therein cited; *Howard v. Moot*, 64 N. Y. 270. The right of possession, when abandoned by the Indians, vests at once in the owner of the fee. *Cherokee Nation v. State of Georgia*, 5 Pet. 17; *United States v. Cook*, *supra*. We are of the opinion that the title to the land in question passed to the state of Iowa by virtue of the swamp-land grant of 1850, and that the right of possession vested in the owner of the fee when the Indian tribes relinquished their right to the land. Several of the questions discussed by counsel were disposed of by the opinion in *Connors v. Meservey*, *supra*, and need not be specially considered here. The decree of the district court is        AFFIRMED.