# APPENDIX.

## ¡NOTES OF CASES NOT OTHERWISE REPORTED.

SNELL v. THE DUBUQUE AND SIOUX CITY RAILWAY COMPANY *et al.*

[ Three Cases.]

**Public Lands:** CONFLICTING CLAIMS UNDER SWAMP AND RAILROAD GRANTS. ( *Connors v. Meservey,* 76 Iowa, 691, and *Snell v. Railway Co.,* 78 Iowa, 88, followed.*)

*Appeal from Webster District Court.*—HON. D. D. MIRACLE, Judge.

FILED, MAY 22, 1890.

ACTIONS in equity to quiet the title to real estate. There was a trial on the merits, and a decree in favor of plaintiff in each case. The defendants in each case appeal.

*Theo. Hawley,* for appellants.

*Albert E. Clarke,* for appellee.

ROBINSON, J.—The plaintiff claims title to the tracts of land involved in the three actions by virtue of the act of congress, approved September 28, 1850, and acts of the general assembly of the state of Iowa, relating to swamp land. Defendants claim title by virtue of the act of congress, approved May 15, 1856, granting to the state of Iowa certain lands to aid in the construction of a railroad from Dubuque to a point on the Missouri river near Sioux City, and other roads, and by virtue of acts of the general assembly of the state of Iowa. The district court found that plaintiff was the owner of the land involved in each action, and quieted his title thereto as against defendants.

I. All the legal questions discussed by appellants were involved in the cases of *Connors v. Meservey,* 76 Iowa, 691, and *Snell v. Railway*

( 767 )

*Co.*, '78 Iowa, 88, and were decided adversely to the claims now made by appellants. We will not, therefore, consider them further.

II. The evidence submitted shows that the tracts of land in question were of the character contemplated by the act of congress of September 28, 1850, referred to, and the swamp-land acts of the general assembly of the state of Iowa, and that the title thereto passed by virtue of those acts, and that plaintiff is the owner thereof. The decree of the district court is in each case

AFFIRMED.