E. Y. ROYCE v. TOWN OF APLINGTON *et al.*, Appellants.

Void Sidewalk Tax: Sale en Masse. Ordinances directed that
    sidewalks should be built upon resolution of the council which should
    levy a tax upon abutting lots, that on failure to repair walks after
    notice by the street commissioner, the latter should repair at owner's
    expense, that the commissioner should return delinquent assessments
    to the town treasurer who was to certify such to the county treasurer
    for collection, under Code, 481. Out of a large number of plaintiff's
    lots which were sold for such assessments for sidewalks built, but
    three were covered by a resolution to build. The auditor listed lots
    not listed by the treasurer, and listed all charged against plaintiff's
    lots in a given block as a single tax against all his lots in that block,
    whether certified or not, and all lots were sold together as listed.
    *Held*, that the lots should have been sold separately and that, owing
    to all of said irregularities, the sale was void *in toto*.

*Appeal from Butler District Court.*—HON. G. W.
    RUDDICK, Judge.

MONDAY, FEBRUARY 5, 1894.

ACTION in equity to have set aside the sale of cer-
tain lots made on account of a sidewalk tax, and to
have the tax declared to be void. There was a hearing
on the merits, and a decree in favor of the plaintiff.
The defendants appeal.—*Affirmed.*

*J. H. Scales* for appellants.

*Hemenway & Grundy* for appellee.

ROBINSON, J.—The plaintiff is the owner of certain
lots in the incorporated town of Aplington, which were
sold on the twenty-first day of December, 1891, by the
treasurer of Butler county, for the payment of a side-
walk tax levied in the year 1889, under an alleged
authority derived from the town. The plaintiff claims
that the sale and tax were illegal for various reasons,

among which are the following: That the town coun-
cil never ordered any walk to be built adjoining the
lots; that no notice was given of any order or require-
ment to build the walk; that no order was ever made
by the council assessing any charge against the lots;
that the walks were not built according to any provi-
sion of the ordinances of the town or laws of the state;
that the council never gave any legal authority to the
recorder of the town to certify such a tax; that the
building of the walk was without authority; and that
the sales were without authority, and are invalid. The
district court set aside the sale and assessment upon
which it was made. On the fifth day of March, 1889,
the town council adopted a resolution which required
the construction of a sidewalk "commencing at the
northeast corner of lot 1, block 32, and running west
to the northwest corner of lot 7 in block 32." It pro-
vided that "the expense of said sidewalk be assessed to
the lots or parcels abutting thereon. Said sidewalk to
be constructed within thirty days after posting notices
of the same." There is some confusion in the record
submitted to us, but we gather from it that there are
fourteen lots in block 32, and that the sidewalk was
ordered to be built in front of lots 5, 6 and 7 in that
block, owned by the plaintiff. We find no resolution
in regard to constructing sidewalks excepting the one
specified. But of the lots of plaintiff sold for a side-
walk tax seven were lots in block 15, four in block 16,
lots 8 to 14, inclusive, in block 32, twelve lots in block
33, and the east half of four lots in block 75. In
addition there is a sidewalk tax upon one lot in block
11, one in block 12, and one in block 38, which do not
appear to have been sold. Lots 1 and 2 in block 32
were sold for a sidewalk tax, but do not appear to be
claimed by plaintiff. It is said that some of the lots
were taxed for the construction and others for the
repair of sidewalks, and the evidence shows that "the

street committee" reported in June, 1889, "that they
had condemned certain sidewalks, and ordered the
street commissioner to have them repaired." In Jan-
uary, 1889, the council directed that "the mayor, sec-
retary and street commissioner take treasurer and look
over sidewalks, and see that the taxes are properly
charged up to the respective owners, and that said com-
mittee attend to this before the March meeting of this
body, and so report." In March the committee re-
ported that "there was expended for sidewalks, as
directed by the committee on streets and alleys," speci-
fied sums on lots which were described, including lots
5, 6, 7 and 14 in block 32, and four lots in block 75, of
which plaintiff owns the east half. An ordinance of
the town provides that the council may, by resolution,
cause sidewalks to be constructed, and levy a special
tax on the lots fronting on them to pay the expense
of the walks. It also makes it the duty of the owner
of such lots to keep the sidewalks in repair, and
authorizes the street commissioner to notify the lot
owner when a walk for which he is responsible is defect-
ive, and to repair it, if the owner does not, at the
cost of the owner. Another ordinance requires the
street commissioner to return to the town treasurer a
list of delinquent assessments and charges authorized
by ordinance. The treasurer is required to enter in a
sidewalk tax book a memorandum showing the amounts
assessed against all town lots for building sidewalks,
and to certify to the county auditor for collection, as
authorized by section 481 of the Code, all delinquent
and unpaid charges entered in the sidewalk tax book.
It appears in this case that the town treasurer made
three certificates in relation to delinquent taxes, upon
which the taxes in controversy were levied. The first
one showed an amount of tax alleged to be delin-
quent against one lot in block 15, four lots in
block 16, one lot in block 32, and two lots in block

33, which plaintiff owns, and four lots in block 75, of which he owns the east half. The second certificate shows delinquent taxes against two other lots in block 32 which are owned by plaintiff, and the third certificate shows such taxes against the four lots in block 75 already referred to, the tax against three of them being aggregated. The last certificate was made in October, 1890. It further appears that the county auditor listed six lots in block 15, seven lots in block 32, and ten lots in block 33, which were owned by the plaintiff, but not certified by the town treasurer; and that he listed the aggregate of the taxes certified on the lots of plaintiff in each block as a single tax against all the lots owned by plaintiff in that block, whether certified to him or not, and all the lots in a block were sold together as listed. No reason is shown for the listing and sale of two or more lots together. That they were not so listed by the town is shown by the certificate of its treasurer first made, although in the third certificate three of the lots were certified together as subject to one tax. If the taxes were duly levied by the town, each lot should have been listed and sold separately for the tax levied upon it. All the lots in controversy are subject to the objection that they were listed by the county auditor and sold by the county treasurer in mass, although the certificates showed that they were taxed separately. A further objection to the sale of the east half of the four lots in block 75 is that it was made for taxes which were certified, not as on the part sold, but as on the whole of all the lots. The sale of lots on which no taxes had been levied can not be defended upon any ground. The petition alleges that the taxes in controversy were levied for the construction of sidewalks, and the answer admits that allegation; but it is not shown that the council ordered the construction of sidewalks, excepting that in front of seven lots in

block 32. The report of the committee on sidewalks shows taxes levied against but few of those in controversy, and the amount of expenses returned against most, if not all, of such lots, indicate that the sidewalks were rebuilt, and not merely repaired. The irregularities in the various proceedings which terminated in the sale were so gross that we do not think the listing and sale of any of the lots should be sustained.

It is said that some of the objections to the sale urged in argument are not presented by the pleadings. It is true that some of them are not explicitly pleaded, but, in view of certain general averments in the petition, and amendments thereto, and the evidence submitted, we are of the opinion that the objections upon which our conclusions rest should be regarded as made in the case. Other objections are referred to by counsel, but, as they are of an important character, and are not very fully presented in argument, we deem it best not to consider them upon their merits. For reasons stated, we conclude that the taxes as they were placed upon the county tax list, and the sales, were illegal, and that they must be set aside. The decree of the district court is AFFIRMED.