KITTIE M. HOLT, Respondent, v. SOUTHWEST MIS-
SOURI ELECTRIC RAILWAY COMPANY, Appellant.

Kansas City Court of Appeals, April 30, 1900.

1. **Negligence:** USUAL COURSE OF BUSINESS: ACCIDENT. Negligence can not be presumed when nothing is done out of the usual course of business, unless the course is improper or there is some special circumstance calling for more particular care; and an unusual occurrence producing injury, but not even inferentially the result of an unusual act of a party pursuing his usual course theretofore pursued with safety, is what is called an accident.

2. ———: ———: MACHINE. An appliance or structure, not obviously dangerous, that has been in daily use and uniformly proved safe, may be continued without the imputation of negligence.

3. ———: EVIDENCE: NO ACCIDENT: PASSENGER CARRIER. It is proper to receive testimony that a witness, in position to know, had never heard of an accident like the one on trial since a passenger carrier is not obliged to foresee and provide against casualties unknown and not reasonably to be expected, and his liability is not to be ascertained by what appears for the first time after disaster to be a proper precaution against its occurrence.

Appeal from the Jasper Circuit Court.—*Hon. J. D. Perkins,* Judge.

REVERSED.

*McReynolds & Halliburton* for appellant.

(1) Negligence can not be presumed when nothing is done out of the usual course of business, unless such course is improper. To create a liability there must be some special call for more particular care. An unusual occurrence producing injury, but not even inferentially the result of an unusual act of defendant, who is pursuing his usual course theretofore pursued with safety, is what is called an accident. Guffey v. Railroad, 53 Mo. App. 462-469. (2) If an injury is purely accidental, and without fault; no one can be held liable therefor. Henry v. Railway, 113 Mo. 525. (3) Where one voluntarily placed himself in a place of danger he assumes all the risks and no liability arises on part of another for failure to take steps to avert the injury to one who has thus placed himself in danger. Carroll v. Trans. Co., 107 Mo. 653; O'Donnell v. Patton, 117 Mo. 13.

*L. P. Cunningham* and *Thomas Dolan* for plaintiff.

(1) All the evidence in this case showed that the dog holding the brake was liable to be kicked loose by some one on the platform, and this was one of the theories of the defense. This question was submitted to the jury by appropriate instruction. There was no contributory negligence shown. (2) The point, that "negligence can be presumed when nothing is done out of the usual course of business, unless that course is improper. To create liability there must be some special call for more particular care."

The exposed condition of the brake, dog and ratchet to hold the brake, the probability of some one on the platform kicking the dog loose from the ratchet by striking it with his foot. The danger of striking a passenger and injuring him if the brake was turned loose. The greater danger when there was a crowd, unless some one guarded the brake. Here we have all the elements calling for the exercise of greater care on part of the appellant railroad company, for the safety of its passenger.

ELLISON, J.—The plaintiff sued the defendant for personal injuries received while attempting to get aboard one of its electric cars and recovered judgment.

The fourth of July, 1897, was Sunday, and the usual national holiday was celebrated in Jasper county on the following Monday, the fifth. A large crowd had assembled at Lakeside Park, going there principally over defendant's electric railway, running between the cities of Carthage and Joplin. In dispersing at about sundown, the crowd was large and somewhat unmanageable at the point where the cars stopped to let off and take on passengers at the park. Every one seemed to be making an effort to get on the car on which this accident happened. In consequence of this, despite the attempt of defendant's employees, who were on the ground to control the crowd as well as possible, the platform of the front end of the car became crowded with those pushing in. The motorman was at his post between the brakestaff and the "controller" of the electric current. Plaintiff was among those trying to get on and while she was in the act of stepping upon the platform of the car, the brake became unfastened, and whirling rapidly around, struck plaintiff on the side of the cheek, inflicting painful and serious injury. The evidence in plaintiff's behalf does not show what loosened the brake; she denied defendant's theory that she loosened it by taking hold of it to aid herself

in getting up on the platform. The brake was an upright iron staff with a handle at the upper end and when set it was fastened by what was called a "dog" which would be inserted in ratchets or cogs of a small iron wheel which the staff passed through at the point where it passed through the platform. In setting the brake, the dog was manipulated with the foot of the motorman. The plaintiff's theory of the accident is that this "dog" was knocked out of the cog or ratchet by the foot of some one in the crowd on the platform. But, as just stated, there was no affirmative evidence of this. Though there were several charges of negligence in the petition, all were abandoned save one, viz.: that the motorman should have held the brake handle with his hand, or that he should have protected the "dog" at the bottom with his foot; or, as expressed by counsel in argument, guarded the brake.

The evidence showed that the brake and its appliances were in good order, and were in the same place as all others. That the car was managed and that the motorman conducted himself as customarily in receiving and discharging large crowds. It further disclosed that no accident from the brake had ever happened before and that the brake was never known to be kicked loose. An attempt was made by plaintiff to show by two witnesses that it got loose on one other occasion while attempting to stop the car, but each stated that the brake was not set with the ratchet and "dog," but that while the handle was being held by the motorman it slipped out of his hand and whirled around, striking him on the finger.

We have concluded, though not without some difficulty, that the evidence fails to show a liability on part of defendant. We said in Guffey v. Railway, 53 Mo. App. 462, adopting the rule stated in Mitchell v. Railway, 51 Mich. 238, "that it was well settled that negligence can not be presumed when nothing is done out of the usual course of business un-

less the course is improper, and that there must be some special circumstance calling for more particular care and caution to make liability." We also stated in that case that "when something unusual occurs which injures plaintiff, but such unusual occurrence is not even inferentially the result of an unusual act of the defendant and the defendant has, so far as he is concerned, been pursuing his usual course, which has heretofore been done in safety, then the unusual occurrence is what is called an accident."

So, also, it was held in Laflin v. Railway, 106 N. Y. 136, that, "where an appliance, machine or structure, not obviously dangerous, has been in daily use for years and has uniformly proved adequate, safe and convenient, it may be continued without the imputation of negligence."

In Higgins v. Railway, 73 Ga. 149, it was held to be proper to receive the testimony of a witness, in a position to know, that he had never heard of an accident, before or since, of the nature charged in that case. That a carrier of passengers is not obliged to foresee and provide against casualties which have not been known to occur before, and which may not reasonably be expected. And that if the carrier has availed himself of the best known and most extensively used safeguards against danger, he has done all the law requires, and his liability is not to be ascertained by what appears for the first time after the disaster, to be a proper precaution against its occurrence. It does not, of course, follow that though holding the brake would have prevented the injury, that a liability was incurred by the motorman's omitting to so hold it after it was set and fastened. Sikes v. Sheldon, 58 Iowa, 744.

The general doctrine of these cases was approved in American Brewing Co. v. Talbot, 141 Mo. 674. So in Hysell v. Swift, 78 Mo. App. 39, a case where a servant's eye was poisoned and put out by bacteria falling from an iron beam being cleaned by the servant, we approved of the

following rule: "That which never happened before, and which in its character is such as not to naturally occur to prudent men to guard against its happening at all, can not when in the course of years it does happen, furnish good ground for a charge of negligence in not foreseeing its possible happening and guarding against that remote contingency."

Applying these rules to this case, we can only conclude that defendant was not culpable in the unfortunate accident for which this action was brought. We will therefore reverse the judgment. *Smith, P. J.,* concurs; *Gill, J.,* absent.