OLE OLSON, Appellee, v. THE HANFORD PRODUCE COMPANY, Appellant.

| 118 | 55 |
| 124 | 475 |
| 118 | 55 |
| 127 | 268 |

**Personal Injury:** EVIDENCE. Evidence considered in an action for injuries received in operating an elevator and found insufficient to support a special finding or the general verdict.

Same:  ASSUMPTION OF RISK.  Where the danger is obvious by the
2    exercise of ordinary care, an employe assumes the risk and
    cannot recover for an injury.

*Appeal from Woodbury District Court.*—HON. GEO. W.
WAKEFIELD, Judge.

TUESDAY, OCTOBER 14, 1902.

ACTION at law to recover damages for injuries received
by plaintiff while operating a freight elevator in defend-
ant's building.  Trial to a jury.  Verdict and judgment
for plaintiff, and defendant appeals.—*Reversed.*

*Wright, Call & Hubbard* for appellant.

*Jepson & Jepson* and *Geo. W. Argo* for appellee.

DEEMER, J.—This case was before us on a ruling on a
demurrer to plaintiff's petition.  See 111 Iowa, 347.
When the cause was remanded, defendant filed a gen-
eral denial, and also pleaded plaintiff's contributory
negligence, and his assumption of the risks incident to the
use of the elevator.  On these issues the case was tried to
a jury resulting in the verdict hitherto stated.  No claim
is made on this appeal that there was not sufficient evi-
dence of negligence to take the case to the jury, but it is
argued that the danger was open and obvious to plaintiff,
and that he assumed the risks incident to the use of the
elevator in its defective condition.  The construction of
the elevator is sufficiently described in the opinion when
the case was first before us, and we need not again set out
the facts with reference thereto.  The questions of con-
tributory negligence and assumption of risk were deter-
mined at that time on the allegations of the petition, and,
if there be any substantial evidence in support of these
allegations, there is, of course, no ground on which to dis-
turb the verdict.  The instructions given by the trial court

were in harmony with the law announced in the opinion
when the case was first before us, and the following, taken
from the instructions, when considered with the evidence,
presents the proposition for solution: "When the plain-
tiff entered upon the employment in question, he did, as
a matter of law, accept and assume the ordinary hazards
and dangers of the work he was required to do, and such
as are incident to it. He thus assumed all the open and
obvious risks of his employment which could be reasonably
discerned, and must use his sense of sight to the same ex-
tent that men of ordinary care and prudence would do
under the same circumstances to discover the open and
obvious dangers around them. And if, as a reasonably
prudent man, so exercising his senses in the position which
he was placed, he should have seen the sill and its proxim-
ity to the platform, and have known of the danger arising
from the proximity of the sill to the elevator platform,
then such danger you will find to be one of the ordinary
risks or hazards of his employment, which he had assumed,
for the law holds him to have knowledge of those things
which a man of ordinary skill and prudence, under the
like circumstances, exercising ordinary care for his safety,
should have known. It will be for you to say, from all
the evidence before you, whether it appears therefrom by
a preponderance of such evidence, that the danger which
caused the injury of which plaintiff complains was one of
the ordinary hazards of plaintiff's employment." Defend-
ant contends that the evidence shows without dispute that
plaintiff knew, or by the use of ordinary care should have
known, of the defective condition of the elevator; while
plaintiff insists that under the evidence this was a question
for the jury, which specially found that the defect was
not open and obvious, so that a man of ordinary caution
should have seen the danger, and of necessity, in view of
the general verdict, concluded that plaintiff did not know
of the defect. The jury was fully justified in finding that

plaintiff did not in fact know of the defect, but on the other question, to wit, as to whether or not he should have known of its condition in the exercise of ordinary diligence, we think the evidence is insufficient to sustain the verdict. In other words, it clearly appears from plaintiff's own evidence that by the use of ordinary care he should have known of the defect. We quote the following from the record, which it seems to us is conclusive on this proposition: Plaintiff testified that he had passed the projecting girder something like 700 times before the accident, and that: "When I got into the elevaor, I turned my face to the south. If I turned my face in that direction, I could have seen it. If I had turned my face in that direction during the 700 times I could have seen it if I had looked straight up, or when I was passing by. The only reason I did not see it was because I didn't look at it." With reference to light in the building he said: "I think it was about 11:30 in the morning that I was hurt. There was one artificial light about five or six feet from the elevator. It was not lit that morning. We usually had lights in the building two or three hours in the morning when we first started to work, and let the lights run until about 9 or 10 o'clock. Then they were lit again about 4 or 5 o'clock in the afternoon. The windows did not furnish light to work all day without the aid of artificial light. I did not turn out the lights that morning myself. I suppose you could read a newspaper on the elevator after you had been in there a little while. You wouldn't have trouble to read a newspaper on the elevator most any time after you had been in there about an hour." In *Bryce v. Railway Co.*, 103 Iowa, 671 we said: "If he could have ascertained by reasonable observation its dangerous proximity to the track, it must be regarded as an obvious danger, which was assumed by continuing in the service of the defendant; in other words, what a man in law ought, by the

1. PERSONAL injury: evidence.

2. SAME: assumption of risk.

exercise of reasonable diligence, to know, he does know."
*Way v. Railroad Co.*, 40 Iowa, 334; *Heath v. Mining Co.*,
65 Iowa, 737. See, also, the cases cited in that opinion in
support of the rule. The results to be arrived at in apply-
ing the conceded facts to this rule are so apparent that
further argument is unnecessary. We need only add that
the special finding and general verdict are not supported
by the evidence, and the judgment is therefore REVERSED.