Richard Branco, Appellant, v. Illinois Central Railroad
Company, Appellee.

Personal Injury:   ASSUMPTION OF RISK:   EVIDENCE:   Where a ser-
vant has as good an opportunity as the master to ascertain and
avoid a danger for himself, he has no recourse against the
master in case he is injured thereby.   Evidence examined and
found to bring the case within this rule.

*Appeal from O'Brien District Court.*—Hon. Wm. Hutch-
inson, Judge.

Tuesday, January 27, 1903.

ACTION to recover for a personal injury. At the close of the evidence for plaintiff, the court, on motion therefor, directed a verdict in favor of defendant. A motion for new trial was made and overruled, and judgment was entered dismissing the action, and against plaintiff for the costs thereof. From such judgment, plaintiff appeals.— *Affirmed*.

*Milt H. Allen* and *Artherholt & Ingham* for appellant.

*John F. Duncombe* and *P. R. Bailey* for appellee.

BISHOP, C. J.—The appellant was in the employ of appellee as a section hand at the time of his accident and injury, and had been so for five years previous to such time. His employment, during all the time thereof, had been on a section constituting a part of a branch line of defendant's railway extending north from Cherokee, this state. It appears that a work train, consisting of thirteen box cars loaded with ties, having reached the southern limit of the section on which appellant was employed, the section gang, consisting of four men, appellant being one, was directed by the section foreman to enter one of the cars, and, as the train passed north over the section, to throw out a portion of the ties from the car at each place where the train slacked its speed for that purpose. After a portion of the ties had been thrown out, appellant was injured by some one or more of the ties remaining in the car slipping from their places and coming down upon and against his leg. It is charged in the petition that the track was in a rough and uneven condition, and that said train was being run at a high rate of speed, and in a jerking and bumping manner, whereby the ties in the car, being piled up in tiers therein, were jolted, jarred, and dislodged and caused to fall and tumble down upon plaintiff, resulting in his injury.

Such are the allegations of fact upon which the charge of negligence on the part of defendant is predicated.

Stating the same as favorably to appellant as the record will permit, we find the facts as proven to be substantially as follows: The ties were piled lengthwise in the car, there being three tiers, one in each end and one in the middle, the piles extending up to the ceiling of the car. On each side of the center pile a space of some two and one-half feet was left for standing room. The roadmaster and section foreman were on the train, and orders were given to appellant and his co-employes to throw off ties at such places as the train slowed up for that purpose. On at least three occasions before the accident to appellant ties had been thrown off, and it seems that all such had been taken from the center pile, so that the same was nearly exhausted. There was no evidence upon the subject of the speed at which the train was run, save that it was run at a fair rate; but it is said that there was a jolting of the car, due to the roughness of the track, and that, as the train slowed up, and then started ahead again, there was a jerking and jarring of the car, resulting in some of the ties on the end piles sliding out of place and coming down in the center of the car from which the middle pile had been removed. At the time of his accident appellant was standing in the car door, leaning out, and looking ahead, as he says, to see if ties were being thrown off the cars ahead. While in such position, the train started ahead, resulting in a jerk of the car, or, as explained by appellant in his testimony, "there was a wabbling of the car," resulting in several ties sliding from place on the end pile, some one or more of which struck appellant. It appears from his testimony that appellant was perfectly familiar with the track over which the train was being operated, and he was also familiar with the work in which he was engaged. There is no evidence tending to prove that the car was improperly loaded, nor is it pointed out in what respect, if any, the operation of the the train was improper or negligent. That there was a jerking motion

as speed was increased is true, but such appears to be common to the operation of all freight trains, and this was fully within the knowledge of appellant.

Now, that it may be said a case of actionable negligence has been made out, it must appear that the conditions and circumstances were such that the defendant ought to have foreseen that such an accident might happen, or, if such an accident could reasonably have been anticipated, that there was an omission to provide against it. *McKee v. Railway Co.*, 83 Iowa, 616. The record before us is barren of any evidence that would justify such a conclusion. Whatever danger there was incident to the work in which appellant was engaged was not only obvious to him, but as we have said, he had personal knowledge of the character thereof from previous experience. Indeed, we think there is much room for saying that he assisted in creating the dangerous condition out of which his accident grew; that such accident was the direct result of an improper method employed in unloading the car. It seems to be reasonably certain that, had the piles of ties been lowered with some degree of uniformity, the accident could not have happened, and this appellant must be held to have known.

Taking the facts to be as we find them, and we think that the risk of accident from the sliding of ties in the car was of such character that it must be held to have been assumed by appellant, and therefore no recovery can be had. The principle is that, where the servant has as good an opportunity as the master to ascertain and avoid the danger for himself, he will have no recourse against the master in case he is injured thereby. Buswell, Personal Injuries, section 204; *Haley v. Case*, 142 Mass. 316 (7 N. E. Rep. 877); *Powers v. Railroad Co.*, 98 N. Y. 274; *Banking Co. v. Dickinson*, 82 Ga. 629 (10 S. E. Rep. 203); *McGlynn v. Brodie*, 31 Cal. 376; *Beckman v. Coal Co.*, 90 Iowa, 352.—AFFIRMED.