J. F. Brooks, Appellant, v. W. T. Joyce Co.

**Master and servant:** SAFE PLACE TO WORK. A lumber dealer who permits lumber to be piled so as to constitute a menace to the safety of his employés, is guilty of negligence in failing to furnish a safe place to work.

**Assumption of risk:** CONTRIBUTORY NEGLIGENCE. An employé in a lumber yard who knew that lumber was so piled that it might fall over, assumed the risk incident to working about the same and was guilty of contributory negligence in attempting to take lumber from piles so made.

**Practice:** DIRECTED VERDICT. Where a motion to direct a verdict is based on several grounds and is sustained generally, if either ground is sufficient the judgment will be affirmed on appeal.

*Appeal from Carroll District Court.*— Hon. F. M. Powers, Judge.

Saturday, April 8, 1905.

Action to recover damages for personal injuries received while in defendant's employ. At the conclusion of the evidence for the plaintiff, the court, on motion, directed a verdict for the defendant. Plaintiff appeals.—*Affirmed*.

*George W. Bowen* and *M. W. Beach,* for appellant.

*Lee & Robb,* for appellee.

McClain, J.—The defendant company is carrying on the business of selling lumber at Carroll, Iowa; and plain-

tiff, at the time of receiving the injuries complained of, was a workman employed about its yards.    Under the instruction of one Brown, who had charge of the work in the yard under the direction of the defendant's superintendent, plaintiff was engaged in loading a wagon with bundles of maple flooring being taken from a pile of such lumber, and while thus engaged he was injured by bundles from the pile falling against him and breaking his leg.    The negligence charged is that the bundles of flooring were piled up without cross-sticks, which would have rendered the pile firm and secure, and which was the usual way of piling such lumber.    It is claimed for the defendant that the defective piling of the lumber was the result of the negligence of a co-employé; that the danger was open and apparent to the plaintiff, and was assumed by him; and that plaintiff was guilty of contributory negligence.

The argument for appellant is largely directed to the proposition that the negligent piling of the lumber was not merely the act of a co-employé, but was chargeable to the defendant as a failure to provide the plaintiff with a safe place to work.    We are inclined to think that this contention is sound, for, if defendant allowed its piles of lumber to be so made and kept as to constitute a menace to the safety of employés, it could hardly be permitted to say that the piling was originally done by its employés, for whose negligence it would not be responsible.

1. MASTER AND SERVANT: safe place to work.

But the motion to direct a verdict was also based on the grounds of assumption of risk by plaintiff, and contributory negligence on his part; and, as the motion was sustained generally, if either of these two grounds was sufficient the judgment of the lower court should be affirmed, although another ground of the motion which may have been relied upon in argument in the lower court was not sufficient.    We must consider, then, whether the evidence shows beyond controversy that plaintiff had

3. PRACTICE: directed verdict.

assumed the risk of the defective piling of the lumber, or
showed freedom from contributory negligence in attempting
to take lumber from the pile, as he did, at the time of the
injury.

Plaintiff had been in the defendant's employ about its
yards for many years, and was familiar with the usual

2. ASSUMPTION
OF RISK: con-
tributory neg-
ligence.

method of piling lumber. He testifies that it
was unsafe and unusual to pile up these bundles
of hardwood flooring without cross-sticks to hold
them together; that, if cross-sticks had been used, that fact
would have been readily apparent to him; that he went past
this pile of flooring many times a day, and had often been
engaged in taking lumber from it to load upon wagons; and
that he could have seen when attempting to take bundles
from it at the time of the accident whether cross-sticks had
been used in piling it, or not. Therefore, as he knew how
the lumber should have been piled in order to avoid injury
likely to result from its falling, and must necessarily have
known, had he given any attention whatever to the matter,
that the method of piling which had been adopted was dan-
gerous, he must be held, as a matter of law, to have assumed
the risk. This is not a case where, while the condition is
known to the employé, the danger resulting therefrom is not
appreciated by him. He knew as much about how this lum-
ber should have been piled as anybody about the yards, and
had exactly the same means of knowing that it was not prop-
erly piled, and he knew as well as anyone could know the
danger involved in the conditions as they existed. It seems
to us, therefore, that this is the ordinary case of assumption
of risk, and that, as the facts are established without con-
troversy from the plaintiff's own evidence, and there is no
conflict as to any of the material facts, the verdict was proper-
ly directed. *Coles v. Union Terminal Co.,* 124 Iowa, 48;
*Branco v. Illinois Cent. R. Co.,* 119 Iowa, 211; *Olson v.
Hanford Produce Co.,* 118 Iowa, 55; *Way v. Illinois Cent.
R. Co.,* 40 Iowa, 341; *Money v. Lower Vein C. Co.,* 55 Iowa,

671; *Newbury v. Getchel & Martin Lumber & Mfg. Co.,* 100 Iowa, 441.

This is a case where the evidence showing assumption of risk also negatives the exercise of reasonable care on the part of the employé with the knowledge or means of knowledge which would lead a reasonably prudent person to avoid the danger involved in the attempt to take bundles of lumber from the pile which had been improperly put up. The plaintiff cannot complain of the injuries received, resulting from the defective piling. The case is not one in which the minds of reasonable persons might differ as to whether the conceded facts show negligence, and in which the question of negligence, under the conceded facts, should have been submitted to the jury; but, on the other hand, it is one in which no other conclusion than that of negligence can be drawn from the conduct of plaintiff, and in which, therefore, a verdict for the plaintiff, had the case been submitted to the jury, would properly have been set aside as without support in the evidence. *McLaury v. McGregor,* 54 Iowa, 717; *Sikes v. Sheldon,* 58 Iowa, 744; *Beckman v. Consolidation Coal Co.,* 90 Iowa, 252.

The judgment of the trial court is therefore *affirmed.*